———o———

THE HANNIBAL and NEW LONDON PLANK ROAD and BRIDGE COMPANY, Appellant, vs. THOMAS BOWLING, Respondent.

| 53 | 311 |
| 96 | 428 |
| 53 | 311 |
| 114 | 452 |

1. *Verdict—Penalties for failure to pay toll—General verdict of "not guilty"—Weight of evidence, etc.*—In an action to recover penalties for passing a toll-gate without paying toll and for tolls due the plaintiff, although the causes of action embraced in the suit were distinct and separate, and separately stated, a general verdict, if the judgment is for the defendant, is sufficient; if the judgment were for the plaintiff, it might be necessary to render a separate verdict on each separate cause of action.

2. *Supreme Court—Evidence, weight of.*—In law cases, this court will not weigh the evidence.

3. *Subpœnas—Service of, by parties—Costs not taxable for.*—Parties may serve subpœnas, but fees for such service cannot be recovered as costs.

*Appeal from Macon Circuit Court.*

*Thomas H. Bacon*, for Appellant.

ADAMS, Judge, delivered the opinion of the court.

This suit was commenced before a Justice of the Peace, and taken by appeal to the Hannibal Court of Common Pleas, and from thence by change of venue to the Macon Circuit Court, where judgment was rendered in favor of the defendant, and the plaintiff has appealed to this Court.

The plaintiff's demand consisted of several distinct and separate causes of action, separately stated, for penalties alleged to be due the plaintiff for passing its toll-gate without paying toll, also for tolls due the plaintiff. A general verdict of *not guilty* was found by the jury in favor of the defendant, and a judgment rendered thereon for the defendant.

The plaintiff raises the objection, that this verdict of "not guilty" was not responsive to the issues, and that there should have been a separate verdict on each separate cause of action. There is nothing in this objection. If the finding had been for the plaintiff, it might have been necessary for the jury to have passed separately on each count; but this verdict is for the defendant and applies equally to all and each of the causes of action. When the jury pronounced the defendant not guilty, the court was sufficiently advised by such finding, that he had done nothing to render him liable on any of the charges set forth in the plaintiff's demand.

Evidence was given by both parties to sustain the issues on their respective sides. The objection, that the verdict is not supported by the evidence, is not tenable and cannot be considered here.

The defendant served his own subpœnas, and fees for such service were allowed and taxed as costs in his favor, amounting to six dollars. It was admitted that the defendant was not an officer, and that the subpœnas were served by him as a private individual. The plaintiff filed a motion to re-tax the costs and reject this allowance. This motion was overruled and exceptions duly saved.

Subpœnas may be served by a constable, sheriff, or some other officer authorized by law to do so, or they may be served by any disinterested person who would be a competent witness. (2 W. S., p. 827, § 2; 2 W. S., 1376, § 20.)

As parties are allowed to testify and are not disqualified by reason of their interest in the event of the suit, they ought to be competent to serve their own subpœnas. But is there any statutory provision allowing fees to be taxed as costs for such services? No such provision has been referred to, and in the

absence of any statute on the subject, the court was not authorized to tax fees in favor of defendant for serving his subpœnas.

The judgment, so far as the taxation of these fees as costs is concerned, is reversed, and in all other respects the judgment is affirmed.

· Judges Vories and Sherwood concur; Judges Napton and Wagner absent.