Bird v. Thompson.

## BIRD v. THOMPSON, *Appellant*.

1. **Breach of Marriage Contract :** INSTRUCTIONS. A series of instructions, in a suit for a breach of a marriage contract, which predicated plaintiff's right to recover on the fact that there was a contract of marriage between plaintiff and defendant, and that defendant, without a justifiable cause, broke and refused to comply with it, examined and approved.

2. ———— : EVIDENCE OF SEDUCTION : DAMAGES. In a suit for damages for the breach of a marriage contract, evidence that the party complaining had been seduced under promise of marriage, is competent ; such evidence is a proper element to be considered by the jurors in fixing the amount of the damages.

3. ———— : VERDICT. A jury in an action to recover damages for the breach of a marriage contract returned this verdict : "We, the jury, find the defendant guilty and assess the damages at five thousand dollars." *Held*, it was sufficient to justify a judgment against defendant for the damages assessed.

*Appeal from Carroll Circuit Court.*—HON. J. M. DAVIS, Judge.

AFFIRMED.

*Hale & Sons, Prosser Ray* and *A. M. Hough* for appellant.

(1) Under the first instruction, the jury were not confined to the damages which plaintiff may have sustained by reason of any breach of the alleged contract of marriage. The damage must result from defendant's breach of contract. *Clark v. Fairley*, 24 Mo. App. 429 ; *Brown v. Road Company*, 89 Mo. 152 ; *Luckie v. Railroad*, 67 Mo. 245 ; *Cunningham v. Railroad*, 70 Mo. 202. (2) The second instruction is vague and misleading in that it does not appear from said instruction whether its object is to call the attention of the jury to a contract of marriage alleged to have been made on September 29, 1881, or to a previous contract to be married on that date. *Legg v. Johnson*, 23 Mo. App. 590 ; *Donahoe v. Railroad*, 83 Mo. 560. (3) The third instruction is erroneous in that it allows recovery for an alleged seduction without reference to the alleged contract. *Jones v. Jones*, 57 Mo. 138 ; *State v. Smith*, 53 Mo. 267 ; *Koenig v. Life Association* ; *Hassett v. Rust*, 64 Mo. 325 ; *Clark v. Fairley*, 24 Mo. App. 429. (4) The verdict of the jury in this case is insufficient to support the judgment. It is neither a general nor special verdict. See R. S. 1879, secs. 3628, 3629, 3632. This is an action for the recovery of money only, and there should have been a general verdict. 3 Gra. & Wat. on New Trials, 1384 *et seq. ; Fenwick v. Logan*, 1 Mo. 283 ; *Easten v. Collier*, 1 Mo. 299 ; *Jones v. Snedecor*, 3 Mo. 275 ; *Pratt v. Rogers*, 5 Mo. 52 ; *Wells v. Thompson*, 61 Mo. 415 ; *Schweickhardt v. St. Louis*, 2 Mo. App. 571 ; *Hewson v. Tootle*, 72 Mo. 636.

*Blankenship* and *Quissenberry & Holliday* for respondent.

NORTON, C. J.—This is an appeal from the judgment of the circuit court of Carroll county in favor of plaintiff for five thousand dollars damages for breach of a marriage contract. The points relied upon by counsel for reversal are : First, that the instructions given on behalf of plaintiff are erroneous ; second, that the verdict of the jury was not responsive to the issues made and did not warrant the court in entering judgment upon it.

The instructions complained of, as they appear in the record, are as follows :

"If the jury believe from the evidence, that a mutual promise was entered into, on or about the twenty-ninth day of September, 1881, by and between plaintiff and defendant, by which each agreed to marry the other, and that defendant failed and refused to carry out said contract and engagement, and further believe from the evidence that plaintiff has always been ready and willing to carry out said engagement on her part, and that defendant has failed and refused to carry out said engagement upon his part, then they will find for the plaintiff and assess her damages at whatever amount they may believe from the testimony she has sustained, not exceeding the sum of ten thousand dollars.

"If the jury find from the evidence that plaintiff has sustained any damages, then in determining the amount they may assess such sum as in their judgment, under all the circumstances of the case, may be a proper indemnity to her for the injury she has suffered in her feelings, affections and wounded pride, as well as the loss of marriage, not exceeding ten thousand dollars.

"That if the jury believe, from the evidence, that plaintiff and defendant contracted to marry each other, and that defendant failed and refused to marry plaintiff without a justifiable cause, they must find for the plaintiff.

"If the jury believe, from the evidence, that plaintiff has sustained damages, then in assessing the damages the jury are not limited to the mere pecuniary damage which the plaintiff may have sustained, but may take into consideration the injury to her feelings; and may in the case find for the plaintiff such amount, not exceeding ten thousand dollars, as they may believe, from the facts and the circumstances, the case requires.

"Any engagements which plaintiff may have entered into to marry Turpin prior to 1880, and which the jury may believe, from the evidence, was broken off, will not prevent a recovery in this case, provided the jury may believe, from the evidence, that subsequently defendant and plaintiff promised to marry each' other on the twenty-ninth of September, 1881.

"The court instructs the jury that if they believe, from the evidence, that a mutual promise and engagement was entered into between the plaintiff and defendant, on or about the twenty-ninth day of September, 1881, to marry each other, and that, under promise of marriage, the defendant seduced the plaintiff, then in determining the amount of damage, if any, to which they may believe the plaintiff is entitled, they may take that fact, with all the others, into consideration."

I.  It is complained of the above instructions that they give too much latitude to the jury in estimating damages, and that they allowed the jury to find damages without finding that there was a marriage contract and breach of it.   Considering the instructions together' as a whole, we do not think· it can fairly be said that they are subject to the objections made.   They clearly predicate plaintiff's right to recover damages on the fact that there was a contract of marriage between plaintiff and defendant, and that defendant broke it by refusing to comply with it, and these facts the jury were required to find precedent to an inquiry as to damages. This view is fully sustained by an instruction given on defendant's request as follows:   "In order to recover in

this case, the burden of proof is upon the plaintiff to show, by a preponderance of the evidence and to the satisfaction of the jury, that defendant promised to marry plaintiff as charged, and that he failed and refused, without reasonable cause, to marry plaintiff according to said promise." By the instructions given, the jury are told specifically what elements they might consider in estimating damages, if they found plaintiff was entitled to any, and the law justified the submission of every element of damages the jury were authorized to consider under the instructions as given.

In such cases as this, it is well settled that evidence may be given on the trial that the party complaining had been seduced under promise of marriage, and the fact of such seduction, if shown, was a proper element to be considered by the jury in fixing damages, and it was not error for the court so to direct. While the instructions, when taken singly, may be subject to verbal criticism, when taken as a whole no intelligent juror could have been misled by them.

II.   It is insisted that the verdict returned by the jury was not responsive to the issue on trial, and did not authorize a judgment thereon for plaintiff. The verdict is as follows:   "We, the jury, find the defendant guilty, and assess the damages at five thousand dollars ($5,000).   E. A. Troost, foreman."

The issue presented by the pleadings is: Was there a breach on defendant's part of a marriage contract with plaintiff? And while the verdict is informal, under the authority of the case of *H. & N. L. Plank Road & Bridge Co. v. Bowling*, 53 Mo. 311, it justified the court in rendering a judgment thereon. In that case, the plaintiff's demand consisted of several distinct and separate causes of action, separately stated, for penalties alleged to be due plaintiff for passing its toll-gate without paying toll, also for tolls due the plaintiff. A general verdict of not guilty was found for defendant,

and a judgment was rendered thereon for defendant. The plaintiff raised the objection that this verdict of "not guilty" was not responsive to the issue. In passing on this point, it is there said : "There is nothing in this objection. * * * When the jury pronounced the defendant not guilty, the court was sufficiently advised that he had done nothing to render him liable on any of the charges" in the petition. If a verdict in the case cited, finding the defendant not guilty, justified a judgment thereon in his favor, it would seem to follow that a verdict as in the case before us, finding defendant "guilty," would justify a judgment against him for the damages assessed. *Vide Cattell v. Publishing Co.,* 88 Mo. 360.

The judgment is hereby affirmed, with the concurrence of the other judges, except RAY, J., absent.