## WOOD VS. THE MILWAUKEE & ST. PAUL RAILWAY COMPANY.

RAILROADS.  *Liability of company as common carrier.*
ACTIONS — COSTS.  *Action on contract or in tort?   Attorney's fees.*

1. The decision in *Conkey v. M. & St. P. Railway Co.* (31 Wis., 619), followed, in reference to the liability of a railroad company as carrier, for goods transported by it, destroyed or injured while held in its warehouse for transfer to the next carrier.

2. The present action was founded on the alleged *custom* of the defendant company in regard to transferring to the next carrier goods carried by defendant, consigned to a point beyond the terminus of its road; and plaintiff sought to recover for goods destroyed in defendant's warehouse, on the ground of a failure to comply with such custom.  *Held*, that the action was in the nature of one for tort, and not one " upon contract" within the meaning of Tay. Stats., ch. 133, § 59; and that the amount of attorney's fees recoverable as costs therein was not limited to $25.

APPEAL from the Circuit Court for *Dane* County.

The decision of this court upon a former appeal in this action will be found reported in 27 Wis., 541–555. The opinion of Mr. Justice LYON as there printed, on pp. 546–548, contains a statement of the facts as they then appeared from the record. Substantially the same facts were shown upon a second trial; the plaintiff again had a verdict and judgment; and the defendant again appealed. One of the defendant's exceptions was to the decision of the circuit court allowing a greater sum than $25 for attorney's fees in the taxation of plaintiff's costs.

*Jno. W. Cary,* for appellant. [No brief on file.]

*Gregory & Pinney,* for respondent, argued, 1. That the plain object and meaning of ch. 402, Laws of 1864 (Tay. Stats., ch. 133, § 59), was to give parties or their attorneys additional compensation for the additional labor in applying to the court to enter judgment, over the ordinary services in entering judgment on contracts, which requires no application to the court. 2. That the complaint in this action is not on contract in any sense; that the plaintiff had his election to bring his action on contract or in case (which is in tort), and he chose to bring it in case (Ang. on Carriers, §§ 420, 422–427, 429; 4 How., U. S., 155; *Merritt v. Earle,* 31 Barb., 38; *S. C.,* 29 N. Y., 115; 2 Wend., 339; 3 id., 158; 6 How. Pr. R., 309; 8 id., 346; *Zell v. Arnold,* 2 Penn., 292; 11 Pa. St., 141.

COLE, J. After the decision of this court in the case of Conkey against this defendant, nothing further need be said upon the question of the liability of the defendant for the property lost or destroyed. The only remaining question is that which relates to the question of costs. The defendant objects that no more than twenty-five dollars attorney's fees can be taxed on the action. And this calls for a construction of a clause of section 59, ch. 133, p. 1533, Tay. Stats., which limits the amount of attorney's fees "*in actions at law on contract*" to

twenty-five dollars. And the question is, Can this be said to be an action at law on contract, within the meaning of this provision of the statute? We think not. The gravamen of the complaint is solely for a breach of duty, and is founded upon the custom. It is what would have been denominated under the old system an action on the case for a tort or misfeasance. The plaintiff doubtless had his election to bring his action on contract or for a breach of duty. He chose the latter form of action, and framed the complaint accordingly. And that the complaint states an action in tort, or for a misfeasance, is a point fully established by the authorities to which we are referred in the brief of the counsel for the plaintiff. Indeed, all discussion of the question would seem to be quite unnecessary after the very clear and satisfactory opinion of SAVAGE, C. J., in the case of *Orange Bank v. Brown*, 3 Wend., 158. He shows most conclusively that an action against a common carrier founded solely upon the custom is an action in tort, and not upon contract.

*By the Court.*— The judgment of the circuit court is affirmed.