# CASES DETERMINED

## *January Term, 1877.*

---

WALSH VS. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY
COMPANY.

ACTION. *(1) Tort or contract?*
COMMON CARRIER. *(2) Not required to carry persons on Sunday.*
DAMAGES: *(3) Measure of, for breach of contract to carry.*

| 42 | 23 |
| 85 | 523 |
| 42 | 23 |
| d87 | 9 |
| 42 | 23 |
| 54 LRA | 850 |

1. The complaint charges, in substance, that the plaintiff, with about eighty other residents of M., desired to attend certain religious ceremonies at W. on a certain Sunday; that through their agent they individually contracted with defendant to convey them from M. to W. and back on said Sunday by a special train, which was to leave W. on its return to M. at 5:30 P. M.; that the party was carried to W., but defendant did not have cars ready to bring them back at the appointed time, but willfully, fraudulently and negligently failed and refused to furnish any means of bringing them back, by reason whereof plaintiff was greatly injured in bodily health, suffered great pain and anxiety of mind, lost much time from business, and was subjected to indignities and insults from the employees of the company. A second count, similar to the first in other respects, alleged that the agent of plaintiff and others agreed on their behalf with defendant to pay a certain sum for said special train for the party. *Held*, that the action is upon special contract, and not for a tort.

2. No action could be sustained against the defendant for a breach of its *general* duty as carrier, upon the facts alleged, defendant being under no obligation to carry any person on its road on Sunday.

3. The action being on contract, the court erred in refusing to charge that plaintiff could not recover for disappointment of mind, sense of wrong, or injury to his feelings; and in charging that if defendant's conduct

was willful and oppressive, the jury might award full compensatory though not punitive damages, "embracing such loss of time, such injury to health, such *annoyance and vexation of mind, and such mental distress and sense of wrong*, as the jury should find was the immediate result of the misconduct and must necessarily and reasonably have been expected to arise therefrom to the plaintiff."

APPEAL from the Circuit Court for *Dane* County.

Action for damages alleged to have accrued to the plaintiff from defendant's gross and willful breach of its contract and duty, in neglecting to furnish the plaintiff and other members of an excursion party with a train for their return from Watertown to Madison at 5½ P. M. on Sunday the 14th of September, 1873, as it had agreed to do, and in detaining them at Watertown, under special circumstances set forth in the complaint, until 1:30 A. M. on the next day, before furnishing them with such train. The averments of the complaint, and the instructions given and refused touching the measure of damages, are sufficiently stated in the opinion.

Plaintiff had a verdict for $300; a new trial was denied; and defendant appealed from a judgment on the verdict.

For the appellant, a brief was filed by *Gregory & Pinney*, and the cause was argued orally by *S. U. Pinney* and *J. W. Cary*. They contended, among other things, 1. That it was no part of the general duty of the defendant as a carrier, to carry the excursionists on Sunday, and the action could therefore be sustained only as one upon special contract. 2. That upon failure of timely performance of the contract, no damages could be recovered for the disappointment, annoyance and vexation of mind, sense of wrong, mental distress, or injury to the feelings; nor could the jury consider whether the same was willful and oppressive; damages of the character described being no more recoverable in a case like the present, than for a willful and oppressive failure to pay a promissory note, or to manufacture and deliver wagons, machinery, or other articles for use, within the contract time. In support

of these views, counsel cited *Hobbs v. L. & S. W. Railway Co.*, L. R., 10 Q. B., 111, 119, 123, 124; *Le Blanche v. L. & N. W. Railway Co.*, 24 Weekly Rep., 396, 808; *Hamlin v. The G. N. Railway Co.*, 1 Hurl. & Norm., 408; Cent. L. J., Aug. 18, 1876, p. 532.

For the respondent, a brief was filed by *Vilas & Bryant*, and the cause was argued orally by *W. F. Vilas*. They contended that the action sounded in tort. Defendant concluded to run its train from Madison to Watertown on the Sunday in question, as the evidence shows it not unfrequently did, and undertook to carry the plaintiff there and back at stated times. This it was their duty to do; no more specially a contract duty in this case than in any other. It sprung as little from contract, and as much from obligation as a common carrier, as did the duty to carry him safely. For the company itself (through its head officers, as the evidence shows) to utterly ignore its obligations to its passengers, and expose them through the long hours of a chill autumn night to the inconvenience, vexation and annoyance attending such an occasion as that from which the action arose, subjecting them to the insults and indignity they experienced in this case, is no less a tortious violation of duty, than for a conductor to insult a passenger, or for the carrier's agent to injure one through negligence, or fail to deliver goods entrusted to it for transportation. *Wood v. M. & St. P. R'y Co.*, 32 Wis., 398; *Patten v. C. & N. W. R'y Co.*, 36 id., 413. The instruction given is in accordance with the doctrine of *Craker v. C. & N. W. R'y Co.*, 36 Wis., 657; and no further authority is necessary.

COLE, J. No question will be considered in this case except that which relates to the proper rule of damages. As bearing upon that question, the defendant, among other requests, asked the circuit court to charge that the plaintiff was only entitled to recover such damages as naturally and fairly resulted from the breach of the contract; that he could not re-

cover damages for the disappointment of mind, sense of wrong, or injury to his feelings, by reason of the breach of the contract. This was refused, and an exception taken. At the request of the plaintiff, the circuit court gave this instruction: "And if you find that the failure to return from Watertown to Madison, on the day in question, at the time agreed upon in the contract, was caused directly by orders from the headquarters and principal managing offices of the railroad company, made with the full knowledge that the plaintiff and the other excursionists were ready and waiting to be carried home, according to the arrangement made therefor, and made in willful disregard of the rights of the plaintiff and the other excursionists, subordinating their rights to the convenience of the company, when they had the means at hand readily to have fulfilled their duty — in short, that the conduct of the company was willful and oppressive, — then you may give full compensatory, though not punitive, damages, embracing such loss of time, such injury to health, such annoyance and vexation of mind, and such mental distress and sense of wrong, as you find was the immediate result of the misconduct, and must necessarily and reasonably have been expected to arise therefrom to the plaintiff as one of the excursionists." The defendant excepted to this instruction, especially to that part which left the jury at liberty and directed that they might consider such annoyance and vexation of mind, and mental distress, and sense of wrong, as they might find was the immediate result of the misconduct, etc.

The question in regard to the damages which the plaintiff was entitled to recover, depends materially upon the inquiry whether the action is *ex contractu*, for a breach of the engagement, or *ex delicto*, for a violation of duty as a common carrier. The learned counsel for the plaintiff claims that the action is one sounding in tort; while on the other side it is insisted that the action is upon a special contract, which is set forth in the complaint, and that the rules of law applicable

to a breach of contract control in respect to damages. It seems to us quite clear that the action is founded upon a special contract, and not upon the common-law duty of the carrier. The complaint consists of two counts, and is too long to be stated at length. It charges, in substance, that the plaintiff, with about eighty other persons living in Madison, desired to attend the religious ceremonies of laying the corner stone of a Catholic church edifice at Watertown, on Sunday, the 14th day of September, 1873. In the first count it is stated that they individually contracted, through John Reynolds as their agent, with the defendant, for a compensation agreed to be paid by each of them; in the other count, that Reynolds, as agent, entered into the agreement with the defendant on their behalf, to pay $75 for a special train of cars for the party. The train was to run from Madison to Watertown on the 14th, and back; was to leave Madison at 7 A. M., and start back from Watertown at 5½ P. M. It is alleged that the party was carried to Watertown; that the defendant failed to have cars ready to bring them back at the appointed time, but willfully, fraudulently, negligently and carelessly failed and refused to provide or furnish any means of bringing them back; and that, by reason of the failure of the defendant to perform its contract, the plaintiff was greatly injured in bodily health, suffered great pain and anxiety of mind, lost much time from business, and was subjected to indignities and insults from the employees of the company.

From this reference to the allegations of the complaint, it seems obvious that it is in reality an action on contract, and must be treated as such. / It is manifest that the action is not sustainable for a breach of duty as carrier, because the defendant was under no obligation to carry the plaintiff or any other person on its road on that day. It does not run passenger trains on Sunday for the accommodation of the public, nor does it hold itself out to the world as ready to engage in the transportation of passengers on that day. If the plaintiff had

presented himself at the passenger depot on the morning of the 14th of September, offered to pay the usual fare, and insisted upon being carried to Watertown that day, it is very evident that it would not have been a breach of duty for the defendant to have refused to carry him.   The common carrier is bound to transport an individual upon being paid a reasonable rate of fare, unless it has a valid excuse for not performing that duty.   Here the defendant had a perfectly valid excuse for not running its passenger trains on Sunday (sec. 5, ch. 183, R. S.), and this was doubtless well understood by the plaintiff.  Hence the plaintiff felt the necessity of counting upon an express contract of carriage in both counts, and of proving such contract, in order to maintain the action.   And it is for a failure to perform that contract that this action is brought; the *gravamen* of the complaint being a breach of this express undertaking.   The distinction between an action upon contract and an action for a violation of duty as carrier is familiar, and need not be dwelt upon now.   See *Wood v. The Milwaukee & St. Paul Railway Co.*, 32 Wis., 398; *Orange Bank v. Brown*, 3 Wend., 158.   This action belongs to the former class, for a failure to perform a contract according to its terms.   Such being the form of the action, the true measure of damages must be determined by the rules applicable to such cases.

It will be seen that the circuit court was requested to charge that the plaintiff was only entitled to recover such damages as naturally and fairly resulted from the breach of contract, but could not recover damages for the disappointment of mind, sense of wrong, or injury to his feelings, by reason of such breach.   This rule the learned circuit judge disaffirmed, holding that if the conduct of the company was willful and oppressive, then such injury to health, annoyance and vexation of mind, mental distress and sense of wrong, as were the immediate result of the misconduct and must reasonably have been expected to arise therefrom to the plaintiff, were proper

matters to be considered in giving compensatory damages. This was confounding the important distinction, so far as the rule of damages is concerned, between an action in tort and one upon contract. It was in fact applying to this case the rule which was laid down in *Craker v. The Chicago & North-western Railway Co.*, 36 Wis., 657, in an action for a tort committed by an agent of the company. In the case of wrongs, the jury are permitted to consider injury to feelings and many other matters which have no place in questions of damages for a breach of contract. The contract to marry, in which injury to feelings may be considered, stands, according to all the authorities, upon peculiar and exceptional grounds. But, "in actions for breaches of contract, the damages must be such as are capable of being appreciated or estimated." POLLOCK, C. B., in *Hamlin v. Great Northern Railway Co.*, 1 H. & N., 408–411. That was an action for failure to perform a contract of carriage, and the learned chief baron says: "Each case of this description must be decided with reference to the circumstances peculiar to it; but it may be laid down as a rule, that generally in actions upon contracts no damages can be given which cannot be stated specifically, and that the plaintiff is entitled to recover whatever damages naturally result from the breach of the contract, but not damages for the disappointment of mind occasioned by the breach of contract." The loss of time, and, under the doctrine laid down in *Hobbs et ux. v. London & Southwestern Railway Co.*, 10 Law Rep. (Q. B.), 111, such personal inconvenience as was the immediate consequence and result of the breach of contract, might be considered in awarding damages. This case is a very instructive one, and contains a most able and discriminating discussion of the rule of damages in cases like the one before us. The head note states the case as follows: "The plaintiff, with his wife and two children of five and seven years old respectively, took tickets on the defendant's railway from Wimbledon to Hampton Court by the midnight train. They got

into the train, but did not go to Hampton Court, but went along the other branch to Esher, where the party were compelled to get out. It being so late at night, the plaintiff was unable to get a conveyance or accommodation at an inn; and the party walked to the plaintiff's house, a distance of between four and five miles, where they arrived at about three in the morning. It was a drizzling night, and the wife caught cold, and was laid up for some time, being unable to assist her husband in his business as before, and expenses were incurred for medical attendance. In an action to recover damages for the breach of contract, the jury gave 28*l.* damages, viz.: 8*l.* for the inconvenience suffered by having to walk home, and 20*l.* for the wife's illness and its consequences. *Held*, as to the 8*l.*, that the plaintiff was entitled to damages for the inconvenience suffered in consequence of being obliged to walk home; but, as to the 20*l.*, that the illness and its consequences were too remote from the breach of contract for it to be given as damages naturally resulting from it."

Chief Justice Cockburn, after considering the question whether damages for the personal inconvenience which the husband and wife with their children were put to in having to go from the railway station to their home in the night, could be recovered in the action, and affirming that they might be, under the rule laid down in *Hadley v. Baxendale*, 9 Exch., 341, thus discusses the damages given by reason of the expense and sickness of the wife:

"With regard to the second head of damage, the case assumes a very different aspect. I see very great difficulty indeed in coming to any other conclusion than that the 20*l.* is not recoverable; and when we are asked to lay down some principle as a guiding rule in all such cases, I quite agree with my brother Blackburn in the infinite difficulty there would be in attempting to lay down any principle or rule which shall cover all such cases; but I think that the nearest approach to anything like a fixed rule is this: That, to entitle

Walsh vs. The Chicago, Milwaukee & St. Paul Railway Company.

a person to damages by reason of a breach of contract, the injury for which compensation is asked should be one that may be fairly taken to have been contemplated by the parties as the possible result of the breach of contract. Therefore you must have something immediately flowing out of the breach of contract complained of, something immediately connected with it, and not merely connected with it through a series of causes intervening between the immediate consequence of the breach of contract and the damage or injury complained of. * * * Therefore, as regards the damages awarded in respect of the wife's cold, the rule must be made absolute to reduce the damages by that amount."

BLACKBURN, J., was of the same opinion. He says: "The contract was to supply a conveyance to Hampton Court, and it was not supplied. Where there is a contract to supply a thing, and it is not supplied, the damages are the difference between that which ought to have been supplied and that which you have to pay for, if it be equally good; or, if the thing is not obtainable, the damages would be the difference between the thing which you ought to have had and the best substitute you can get upon the occasion for the purpose. * * * Then comes the further question, whether the damages for the illness of the wife are recoverable; I think they are not, because they are too remote."

MELLOR, J.: "I am entirely of the same opinion. I quite agree with my brother PARRY that for the mere inconvenience, such as annoyance and loss of temper or vexation, or for being disappointed in a particular thing which you have set your mind upon, without real physical inconvenience resulting, you cannot recover damages. That is purely sentimental, and not a case where the word inconvenience, as I here use it, would apply. * * * The damage which as a matter of law must be considered as the measure of damages, is such as arises naturally and directly from the breach of contract,

or such as both parties might reasonably have expected to result from a breach of the contract."

ARCHIBALD, J.: " I concur in the observations which have been made by my lord and my learned brothers; and I would only add, without expressing anything in the form of a rule, that, in case of breach of contract, the party breaking the contract must be held liable for the proximate and probable consequences of such breach, that is, such as might have been fairly in the contemplation of the parties at the time the contract was entered into. Therefore, as to the first head of damage, the inconvenience of walking to Hampton, I think there can be no doubt that it is such an inconvenience as the parties must have contemplated would arise from the breach of the contract; and that, as it appears to me, is an inconvenience capable of being estimated in a pecuniary way." The learned judge held on the other question, that no damages could be recovered for injury to the wife resulting from being obliged to walk home; that such damages were too remote, and could not have been in the contemplation of the parties when they made the contract.

After this very satisfactory discussion of the question, further remarks would seem unnecessary in order to point out the error in the instruction which was given, that damages in this action were recoverable for annoyance and vexation of mind, mental distress and sense of wrong, caused by the failure of the defendant to perform its contract. Such things are not the subject of damages in actions of this kind. They are too remote, and cannot have been in contemplation of the parties when the contract was made. See *Le Blanche v. London & Northwestern Railway Co.*, 24 Weekly Rep., 396, 808.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.