# CASES DETERMINED

AT THE ·

# *January Term, 1894.*

SUMMERFIELD, Respondent, vs. WESTERN UNION TELEGRAPH COMPANY, Appellant.

*January 10 — January 30, 1894.*

*Telegraph companies: Delay in delivering message: Damages: Mental distress.*

1. In the absence of statute, damages are not recoverable for mental distress alone, caused by negligent delay in delivering a telegram.
2. Ch. 171, Laws of 1885 (S. & B. Ann. Stats. sec. 1770*b*),— making telegraph companies "liable for all damages occasioned by failure or negligence" of their servants in receiving, copying, transmitting, or delivering messages,— does not give a right to recover for mental distress alone. CASSODAY, J., dissents.

APPEAL from the Superior Court of *Douglas* County. Action for damages for delay in the delivery of a telegram. Plaintiff resided on a farm about ten miles from the village of Iron River, Wis. His mother lived at Lisbon, N. D., with plaintiff's brother, J. W. Summerfield. Defendant had an office at each of these places. October 23, 1892, J. W. Summerfield left at defendant's office at Lisbon a message addressed to plaintiff, care of Burt Clark, Iron River, reading as follows: "Mother is dying. Come immediately. J. W. Summerfield." The fees for the transmission of the message were paid, but the evidence tended to show that the message was negligently delayed, and was

not delivered to Clark until October 28, 1892, and plaintiff did not receive it until after noon of that day.   Plaintiff's mother died on the 26th day of October.   Plaintiff claimed that he would have gone to his mother's bedside had he received the telegram in due time, and that, by reason of his failing to receive the message until after his mother's death, he was deeply "mortified, grieved, hurt, and shocked, and suffered intense anguish of body and mind, and was thereby thrown into a state of nervous excitement and tremor, which rendered him sick and impaired his health and strength, and that he still suffers from the effect of the same."

Upon the trial, objection was made to the reception of any evidence under the complaint, because it did not state facts sufficient to constitute a cause of action, which objection was overruled, and exception was taken.

The court charged the jury, among other things, as follows: "If you find that the message, in the exercise of ordinary diligence, considering all the circumstances of the case, was unreasonably delayed, and that if it had been delivered with reasonable promptness the plaintiff could and would have responded thereto and reached his mother before her death, and that plaintiff suffered mental pain from a sense of disappointment, sorrow, chagrin, or grief at being deprived of being at his mother's deathbed, your verdict should be for the plaintiff in such sum as will fairly compensate him for his mental suffering and damages, if any, to his nervous system, caused by the shock of such mental suffering."

A verdict for the plaintiff for $652.50 was rendered, and from judgment thereon defendant appealed.

For the appellant there was a brief by *Catlin & Butler* and *Carl C. Pope*, and *La Follette, Harper, Roe & Zimmerman*, attorneys, and *Geo. H. Fearons*, of counsel, and the cause was argued orally by *G. E. Roe*.

Whether we look to the form of the complaint or the nature of the grievance complained of, the action is simply one upon contract, and the measure of damages is the same as in actions upon contracts in general. *Stuart v. W. U. Tel. Co.* 66 Tex. 580; Gray, Telegraphy, 24, 117, 118; *Levy v. Gulf, C. & S. F. R. Co.* 59 Tex. 563; *Candee v. W. U. Tel. Co.* 34 Wis. 471; *Cutts v. W. U. Tel. Co.* 71 id. 46; *Russell v. W. U. Tel. Co.* 3 Dak. 315; *West v. W. U. Tel. Co.* 39 Kan. 93; *Hibbard v. W. U. Tel. Co.* 33 Wis. 558; *Walsh v. C., M. & St. P. R. Co.* 42 id. 23; *Bishop v. C. & N. W. R. Co.* 67 id. 610. There is no element of pecuniary loss or physical injury involved. *Tyler v. W. U. Tel. Co.* 54 Fed. Rep. 634. Ch. 161, Laws of 1885 (S. & B. Ann. Stats. sec. 1770*b*) relates to *legal* damages, and was not intended to create an exceptional rule of liability for telegraph companies. *Tyler v. W. U. Tel. Co.* 54 Fed. Rep. 634. That statute was perhaps passed to escape the effect of the decision in *Candee v. W. U. Tel. Co.* 34 Wis. 471, and is interpreted in *Cutts v. W. U. Tel. Co.* 71 Wis. 46, as making telegraph companies liable only "for the damages resulting *directly* from their negligence."

Mental anguish alone, caused by the negligent failure of a telegraph company to promptly transmit and deliver a message, will not sustain an action for damages by the addressee. Prior to 1881, the text books and courts, both of this country and of England, held uniformly that such damages were not recoverable. *Lynch v. Knight*, 9 H. L. Cas. 577, 592, 598; Wood's Mayne, Dam. 74, 75; Cooley, Torts, 603; *Owen v. Henman*, 1 Watts & S. 548; *Walsh v. C., M. & St. P. R. Co.* 42 Wis. 32; *Wilcox v. Richmond & D. R. Co.* 52 Fed. Rep. 264; *Wyman v. Leavitt*, 71 Me. 227, 230; *Bovee v. Danville*, 53 Vt. 183, 190; *Canning v. Williamstown*, 1 Cush. 451, 452; *Paine v. C., R. I. & P. R. Co.* 45 Iowa, 569, 573–4; *Salina v. Trosper*, 27 Kan. 544, 564; *Keyes v. M. & St. L. R. Co.* 36 Minn. 290, 293;

*Clinton v. Laning,* 61 Mich. 355, 361; *Kennon v. Gilmer,* 131 U. S. 22, 26; *Ewing v. Pittsburg, C., C. & St. L. R. Co.* 147 Pa. St. 40; *Atchison, T. & S. F. R. Co. v. McGinnis,* 46 Kan. 109, 113; *Victorian R. Comm'rs v. Coultas,* L. R. 13 App. Cas. 222, 225. The first case to the contrary was *So Relle v. Union Tel. Co.* 55 Tex. 308. This was followed by *Levy v. G., C. & S. F. R. Co.* 59 Tex. 542, 563; *Stuart v. W. U. Tel. Co.* 66 id. 580; *Loper v. W. U. Tel. Co.* 70 id. 689; *W. U. Tel. Co. v. Adams,* 75 id. 531; *W. U. Tel. Co. v. Kirkpatrick,* 76 id. 217; *W. U. Tel. Co. v. Brown,* 71 id. 723; *W. U. Tel. Co. v. Moore,* 76 id. 66; *W. U. Tel. Co. v. Carter,* 2 Tex. Civ. App. 624; *S. C.* 85 Tex. 580; *W. U. Tel. Co. v. McLeod,* 22 S. W. Rep. 988; *Rowell v. W. U. Tel. Co.* 75 Tex. 26; *Womack v. W. U. Tel. Co.* 22 S. W. Rep. 417. These cases illustrate a few of the difficulties in which the Texas courts have involved themselves by discarding the old rules of law, and the hopeless confusion in which they have left the whole subject of damages for mental suffering. Inconsistent and unsatisfactory as they are, they have obtained some following in the courts of other southern states. *W. U. Tel. Co. v. Henderson,* 89 Ala. 510; *Wadsworth v. W. U. Tel. Co.* 86 Tenn. 695; *Newport N. & M. V. R. Co. v. Griffin,* 92 id. 694; *Reese v. W. U. Tel. Co.* 123 Ind. 294; *Chapman v. W. U. Tel. Co.* 12 Ky. Law R. 265; *Young v. W. U. Tel. Co.* 107 N. C. 370. No other courts, so far as we are informed, have ever approved the rule allowing recovery for mental anguish in this class of cases, and those which have thus followed the lead of the Texas courts are not in harmony with them or with each other in their reasoning.

The exact question here presented arose, and the rule here contended for by the appellant was announced, in *Chapman v. W. U. Tel. Co.* 88 Ga. 763; *International O. Tel. Co. v. Saunders,* 32 Fla. 434; *W. U. Tel. Co. v. Rogers,* 68 Miss. 748; *Connell v. W. U. Tel. Co.* 116 Mo. 34; *New-*

Summerfield vs. Western Union Tel. Co.

man v. W. U. Tel. Co. 54 Mo. App. 434; West v. W. U. Tel. Co. 39 Kan. 93; Russell v. W. U. Tel. Co. 3 Dak. 315; Johnson v. Wells, Fargo & Co. 6 Nev. 224. See, also, dissenting opinion of Judges LURTON and FOLKS in Wadsworth v. W. U. Tel. Co. 86 Tenn. 695. The federal courts also, since the decision in the So Relle Case, have with perfect unanimity declared that "mental pain alone, unattended by injury to the person, caused simply by negligence, cannot sustain the action." Tyler v. W. U. Tel. Co. 54 Fed. Rep. 634; Kester v. W. U. Tel. Co. 55 id. 603; Wilcox v. R. & D. R. Co. 52 id. 264; Crawson v. W. U. Tel. Co. 47 id. 544; Chase v. W. U. Tel. Co. 44 id. 554; Wood v. W. U. Tel. Co. 57 id. 471; Gahan v. W. U. Tel. Co. 59 id. 433. The only federal decision giving any countenance to the contrary doctrine is that of Beasley v. W. U. Tel. Co. 39 Fed. Rep. 181, in which Judge MAXEY of the western district of Texas endeavored to follow the decisions of the Texas supreme court; but afterwards in the case of Duer v. W. U. Tel. Co. (unreported) he practically placed himself in line with the other federal courts.

For the respondent there was a brief by McHugh, Lyons & McIntosh, and oral argument by Thos. E. Lyons. They contended, inter alia, that the complaint alleges and the proof shows that plaintiff sustained a shock to his nervous system which incapacitated him from attending to his regular business, impaired his strength and health, and that he suffered pecuniary loss thereby. The case presents, therefore, all the elements of damage incident to a regular tort action, and the general rule in such cases should apply,— that is, plaintiff is entitled to recover for all injuries which are the direct, proximate, and natural result of defendant's negligence. Brown v. C., M. & St. P. R. Co. 54 Wis. 342; Larson v. Chase, 47 Minn. 307; 1 Suth. Dam. 158; 3 id. 259; 5 Am. & Eng. Ency. of Law, 42; Ripon v. Bittel, 30 Wis. 614; Craker v. C. & N. W. R. Co. 36 id. 657; S. & B.

Ann. Stats. sec. 1770b; *Renihan v. Wright*, 9 L. R. A. 514.
And this would be the rule, even in the absence of physical
injury or pecuniary loss. 3 Suth. Dam. 360; *Seger v. Bark-
hamsted*, 22 Conn. 290; *McKinley v. C. & N. W. R. Co.* 44
Iowa, 314. "Mental anguish and suffering occasioned by
the failure to deliver a telegraph message are proper ele-
ments of damage in an action against the telegraph com-
pany by the person injured, and constitute grounds for
recovery though no pecuniary loss is shown." *W. U. Tel.
Co. v. Newhouse*, 33 N. E. Rep. 800; 3 Suth. Dam. 260, 645;
37 Cent. L. J. 61; *Womack v. W. U. Tel. Co.* 22 S. W. Rep.
417; Shearm. & Redf. Neg. (4th ed.), sec. 756; *Bell v. G.
N. R. Co.* 26 L. R. Ir. 428; *Roberts v. Graham*, 6 Wall.
578; *Newport N. & M. V. R. Co. v. Griffin*, 92 Tenn. 694;
*Beasley v. W. U. Tel. Co.* 39 Fed. Rep. 181; *W. U. Tel. Co. v.
Stratemeier*, 32 N. E. Rep. 871; *So Relle v. W. U. Tel. Co.* 55
Tex. 310; *Young v. W. U. Tel. Co.* 107 N. C. 370; *Reese v.
W. U. Tel. Co.* 123 Ind. 294; *W. U. Tel. Co. v. Henderson*,
89 Ala. 510; *Wadsworth v. W. U. Tel. Co.* 86 Tenn. 695;
*Chapman v. W. U. Tel. Co.* 12 Ky. Law R. 263; *Stuart v.
W. U. Tel. Co.* 66 Tex. 580; *Wilson v. N. P. R. Co.* 5
Wash. 621. It is settled by the foregoing authorities that
such action may be maintained by the addressee of a tele-
gram which is intended for his benefit. The question is,
Who was in fact to be served, and who was damaged?
*Ellis v. Am. Tel. Co.* 13 Allen, 227; *W. U. Tel. Co. v. Adams*,
6 L. R. A. 844; *Elwood v. W. U. Tel. Co.* 45 N. Y. 549;
*Young v. W. U. Tel. Co.* 107 N. C. 370; *Reese v. W. U.
Tel. Co.* 123 Ind. 294; *Wadsworth v. W. U. Tel. Co.* 86
Tenn. 695; *Candee v. W. U. Tel. Co.* 34 Wis. 471; *Cutts v.
W. U. Tel. Co.* 71 id. 46; S. & B. Ann. Stats. sec. 1770b.

Even under the rule of damages for breach of contract
plaintiff is entitled to recover for the mental anguish, con-
sequent suffering, and pecuniary loss resulting from defend-
ant's failure to deliver the telegram. It is elementary that

for the invasion of every legal right the law affords a rem-
edy.  Where the wrongful act complained of constitutes
an infringement of a legal right, mental suffering may be
recovered for if it is the direct and proximate result.  *Lar-
son v. Chase,* 47 Minn. 307; *Candee v. W. U. Tel. Co.* 34
Wis. 471; 1 Suth. Dam. 157; *Walsh v. C., M. & St. P. R.
Co.* 42 Wis. 25; *Hadley v. Baxendale,* 26 Eng. L. & Eq.
398; *Young v. W. U. Tel. Co.* 9 L. R. A. 669; *Shepard v.
Milwaukee G. L. Co.* 15 Wis. 318; *Richardson v. Chynoweth,*
26 id. 656; *Renihan v. Wright,* 9 L. R. A. 514.  That in-
jury to plaintiff's feelings must result from the breach of
the contract in this case is obvious.  It was clearly within
the contemplation of the parties as a proximate result of a
failure of defendant to discharge its duty.  Defendant,
having failed in its duty to transmit and deliver the mes-
sage carefully and without unreasonable delay, became re-
sponsible for all loss and injury occasioned thereby.  *Young
v. W. U. Tel. Co.* 9 L. R. A. 669; *Marr v. W. U. Tel. Co.*
85 Tenn. 529; *W. U. Tel. Co. v. Stratemeier,* 32 N. E. Rep.
871; Shearm. & Redf. Neg. 605; Cooley, Torts, 646–7;
Gray, Telegraphy, secs. 81, 82, 85; S. & B. Ann. Stats. sec.
1770b.

The action sounds in tort, both as to the nature of the
grievances complained of and the form of the complaint.
The gist of the action is defendant's careless, negligent,
and wilful breach of duty, and the complaint shows that
the contract was waived and the tort made the basis of the
action.  Plaintiff has the right, therefore, to maintain his
action and recover damages for all injuries received.  *Brown
v. C., M. & St. P. R. Co.* 54 Wis. 342; *Walsh v. C., M. & St.
P. R. Co.* 42 id. 23; *Oliver v. La Valle,* 36 id. 592; *Stewart
v. Ripon,* 38 id. 591; *Hill v. Winsor,* 118 Mass. 251; *Will-
iams v. Vanderbilt,* 28 N. Y. 217.

Damages for injury to the feelings have been allowed in
a large class of actions disconnected from personal injury

or pecuniary loss.   Thus, in all actions in which the element of malice is present, and in all actions for assault without personal contact, in actions for false imprisonment, breach of promise of marriage, and libel and slander, recovery is sanctioned and damages are allowed of the identical character claimed in this action.   *Purcell v. St. Paul C. R. Co.* 48 Minn. 134; 3 Sùth. Dam. 259; *Larson v. Chase,* 47 Minn. 307; *Renihan v. Wright,* 9 L. R. A. 514; *Wightman v. C. & N. W. R. Co.* 73 Wis. 169; *Phettiplace v. N. P. R. Co.* 84 id. 412; *Terwilliger v. Wands,* 17 N. Y. 54; *Stewart v. Maddox,* 63 Ind. 51; *Craker v. C. & N. W. R. Co.* 36 Wis. 657; *Draper v. Baker,* 61 id. 450.

Counsel also contended that sec. 1770*b*, S. & B. Ann. Stats., extended the right of recovery to damages of the character claimed in this action.

WINSLOW, J.   The exact question presented by the instruction of the court to the jury is whether mental anguish alone, resulting from the negligent nondelivery of a telegram, constitutes an independent basis for damages.

At common law it was well settled that mere injury to the feelings or affections did not constitute an independent basis for the recovery of damages.   Cooley, Torts, 271; Wood's Mayne, Dam. (1st Am. ed.), § 54, note 1.   It is true that damages for mental suffering have been generally allowed by the courts in certain classes of cases.   These classes are well stated by COOPER, J., in his learned opinion in the case of *Western Union Tel. Co. v. Rogers,* 68 Miss. 748, as follows:   "(1) Where, by the merely negligent act of the defendant, physical injury has been sustained; and in this class of cases they are compensatory, and the reason given for their allowance is that the one cannot be separated from the other.   (2) In actions for breach of the contract of marriage.   (3) In cases of wilful wrong, especially those affecting the liberty, character, reputation,

personal security, or domestic relations of the injured party." To this latter class belong the actions of malicious prosecution, slander and libel, and seduction, and they contain an element of malice. Subject to the possible exceptions contained in the second and third of the above classes, it is not believed that there was any case,— certainly no well-considered case,— prior to the year 1881, which held that mental anguish alone constituted a sufficient basis for the recovery of damages. In that year, however, the supreme court of Texas, in *So Relle v. W. U. Tel. Co.* 55 Tex. 308, decided that mental suffering alone, caused by failure to deliver such a telegram as the one in the present case, was sufficient basis for damages. The principle of this case has been followed with some variations by the same court in many cases since that decision, and its reasoning has been substantially adopted by the courts of last resort in the states of Indiana, Kentucky, Tennessee, North Carolina, and Alabama, in cases which are cited in the briefs of counsel. On the other hand, the doctrine has been vigorously denied by the highest courts in the states of Georgia, Florida, Mississippi, Missouri, Kansas and Dakota, and by practically the unanimous current of authority in the federal courts. All of these cases will be preserved in the report of this case, and the citations need not be repeated here.

The question is substantially a new one in this state, and we are at liberty to adopt that rule which best commends itself to reason and justice. It is true that it has been held by this court, in *Walsh v. C., M. & St. P. R. Co.* 42 Wis. 32, that in an action upon breach of a contract of carriage damages were not recoverable for mere mental distress; but, as we regard this action as being in the nature of a tort action founded upon a neglect of the duty which the telegraph company owed to the plaintiff to deliver the telegram seasonably, that decision is not controlling in this case.

The reasoning in favor of the recovery of such damages is, in brief, that a wrong has been committed by defendant which has resulted in injury to the plaintiff as grievous as any bodily injury could be, and that the plaintiff should have a remedy therefor.   On the other hand, the argument is that such a doctrine is an innovation upon long-established and well-understood principles of law; that the difficulty of estimating the proper pecuniary compensation for mental distress is so great, its elements so vague, shadowy, and easily simulated, and the new field of litigation thus opened up so vast, that the courts should not establish such a rule.

Regarding, as we do, the Texas rule as a clear innovation upon the law as it previously existed, we shall decline to follow it, and shall adopt the other view, namely, that for mental distress alone, in such a case as the present, damages are not recoverable.   The subject has been so fully and ably discussed in opinions very recently delivered that no very extended discussion will be attempted here.   We refer specially to the opinions in *Western Union Tel. Co. v. Rogers*, 68 Miss. 748; *Connell v. W. U. Tel. Co.* 116 Mo. 34; *Western Union. Tel. Co. v. Wood*, 57 Fed. Rep. 471. See, also, Judge LURTON's dissenting opinion in *Wadsworth v. W. U. Tel. Co.* 86 Tenn. 695. In the last-named opinion the following very apt remarks are made: "The reason why an independent action for such damages cannot and ought not to be sustained is found in the remoteness of such damages, and in the metaphysical character of such an injury, considered apart from physical pain.   Such injuries are generally more sentimental than substantial.   Depending largely on physical and nervous conditions, the suffering of one under precisely the same circumstances would be no test of the suffering of another.   Vague and shadowy, there is no possible standard by which such an injury can be justly compensated or even approximately measured.   Easily sim-

ulated and impossible to disprove, it falls within all of the objections to speculative damages, which are universally excluded because of their uncertain character."

Another consideration which is, perhaps, of equal importance consists in the great field for litigation which would be opened by the logical application of such a rule of damages. If a jury must measure the mental suffering occasioned by the failure to deliver this telegram, must they not also measure the vexation and grief arising from a failure to receive an invitation to a ball or a Thanksgiving dinner? Must not the mortification and chagrin caused by the public use of opprobrious language be assuaged by money damages? Must not every wrongful act which causes pain or grief or vexation to another be measured in dollars and cents? Surely, a court should be slow to open so vast a field as this without cogent and overpowering reasons. For ourselves we see no such reasons. We adopt the language of GANTT, P. J., in *Connell v. W. U. Tel. Co.* 116 Mo. 34: "We prefer to travel yet awhile *super antiquas vias*. If, in the evolution of society and the law, this innovation should be deemed necessary, the legislature can be safely trusted to introduce it, with those limitations and safeguards which will be absolutely necessary, judging from the variety of cases that have sprung up since the promulgation of the Texas case."

It was argued that under ch. 171, Laws of 1885 (S. & B. Ann. Stats. sec. 1770*b*), damages for injuries to feelings alone might be recovered. This law provides that telegraph companies shall be liable for all damages occasioned by failure or negligence of their operators, servants, or employees in receiving, copying, transmitting, or delivering dispatches or messages. We cannot regard this statute as creating, or intended to create, in any way, new elements of damage. Whether its purpose was to obviate the difficulties which were held fatal to a recovery in the case of

*Candee v. W. U. Tel. Co.* 34 Wis. 471, or to effect some other object, is not a question which now arises; but it seems clear to us that, had a radical change in the law relating to the kinds of suffering which should furnish a ground of damages been contemplated, the act would have expressed that intention in some unmistakable way. We see nothing in the law to indicate such intention.

Finally, it is said that verdicts for injuries to the feelings alone have been sustained in this court, and the following cases are cited: *Wightman v. C. & N. W. R. Co.* 73 Wis. 169; *Craker v. C. & N. W. R. Co.* 36 Wis. 657; *Draper v. Baker*, 61 Wis. 450. Without reviewing these cases in detail, it is sufficient to say that there was in all of them the element of injury or discomfort to the person, resulting either from actual or threatened force, and they cannot be relied upon as precedents for the allowance of damages for mental sufferings alone.

It follows from these views that the instruction excepted to was erroneous.

*By the Court.*— Judgment reversed, and action remanded for a new trial.

CASSODAY, J. I fully concur in all that is said by my Brother WINSLOW in this case, except as to the effect to be given to ch. 171, Laws of 1885 (sec. 1770*b*, S. & B. Ann. Stats.). That statute in express terms makes telegraph companies " liable for *all* damages occasioned by failure or negligence of their operators, servants or employees in receiving, copying, transmitting, or delivering dispatches or messages." It was manifestly intended to make such companies liable for a class of damages not recoverable against other corporations or individuals. If the statute gives no right of action for any damages except such as were recoverable at common law, then its enactment was an idle ceremony. This court, by a long line of decisions, has

held that, in a proper case sounding in tort, compensatory damages may include not merely pecuniary loss or physical injury but also mental suffering. *Craker v. C. & N. W. R. Co.* 36 Wis. 657; *Brown v. C., M. & St. P. R. Co.* 54 Wis. 342; *Wightman v. C. & N. W. R. Co.* 73 Wis. 169; *Grace v. Dempsey*, 75 Wis. 313. These are only a few of many cases that might be cited. In *Cutts v. W. U. Tel. Co.* 71 Wis. 46, it was held that, under this statute, all damages resulting directly from such negligence in transmitting messages were recoverable. Unless the words "all damages" in the act include such damage from mental suffering as was recoverable before the statute when accompanied by physical injury or pecuniary loss, then they are without meaning. "All damages" is the most comprehensive expression that could be used. The addition of any enumeration would only weaken the language employed. "It is a universal rule of construction, founded in the clearest reason," said BLACK, C. J., "that general words in any instrument or statute are strengthened by exceptions and weakened by enumeration." *Sharpless v. Philadelphia*, 21 Pa. St. 161; *Webster v. Morris*, 66 Wis. 395.

Such negligence of a telegraph company is unlike ordinary negligence. It may be similar to negligence in transmitting letters by mail. A telegram may occasionally produce pecuniary loss, but it is. difficult to perceive how it can produce physical injury. This may be why the statute is confined to the owners of telegraphs. It may be difficult to measure damages resulting from mental suffering alone, but it is no more so than when accompanied by physical injury or pecuniary loss; and all agree that, when so accompanied, it is recoverable.

The judicial mind may be reluctant to depart from the established rules of the common law, but the legislative mandate is nevertheless imperative. "It is the duty of all

courts," said TINDAL, C. J., "to confine themselves to the words of the legislature, nothing adding thereto, nothing diminishing." *Everett v. Wells,* 2 Scott, N. R. 531; *Hanson v. Eichstaedt,* 69 Wis. 538, and cases there cited.

For these reasons I most respectfully dissent from the conclusions reached by my brethren.