SMITH VS. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

*March 12 — May 27, 1880.*

*Amending complaint as to the judgment asked.* Res Adjudicata. *Action against carrier for illegal excess of charges.*

In this action, originally brought to recover, for an exaction of excessive charges for the carriage of goods, the statutory penalty of three times the excess, it was determined that such an action would not lie, by reason of a repeal of the statute. 43 Wis., 686. The prayer of the complaint was then changed so as to demand only the illegal excess. *Held,*

1. That this was in effect an amendment of the complaint itself; and that the question whether the action will lie under such amended complaint, is not *res adjudicata.*

2. That, as the excessive charges are alleged to have been made "wrongfully and fraudulently," the action may be regarded as still one in *tort,* and the amendment was allowable.

3. That the cause of action at common law, now stated in the complaint, was not repealed or suspended by the statute.

APPEAL from the Circuit Court for *Sauk* County.

This action was brought to recover the penalty (treble damages) prescribed by sec. 9, ch. 273, Laws of 1874, for excessive freight charges. On appeal from an order overruling a demurrer to the complaint (43 Wis., 686), this court held that the action would not lie, because of the repeal of the statute. The case having been remitted to the circuit court, plaintiff, by its leave

served and filed an amended complaint containing substantially the same statement of facts, but in two separate counts. The first count charges that certain freight, the property of plaintiff, was delivered by him to defendant for transportation at its special request; that defendant "undertook and faithfully promised" plaintiff to carry and deliver the same to a specified place, "at and in consideration of the just and legal rates then in force and established by the laws of the state of Wisconsin;" but that, disregarding its duty as carrier and its said promise and undertaking, said defendant, "contriving and fraudulently intending craftily and subtilely to deceive and injure said plaintiff," compelled him to pay on said freight a large amount (specified in the complaint) in excess of the rates allowed by law and so agreed upon, which excess the plaintiff paid under protest. The second count, except the prayer for relief, is a *verbatim* copy of the original complaint. It first sets forth the shipments of freight as in the first count, without specifying any contract, and then avers that the defendant " demanded of the plaintiff and compelled him wrongfully and fraudulently to pay" thereon the amount specified, "in excess of the legal and just rates allowed by law to be charged by said defendant," which excess, it is again alleged, was paid under protest. The prayer is simply for the recovery of the illegal excess paid by plaintiff.

Defendant's motion to strike out the amended complaint as "unauthorized, inadequate and improper," was denied, with leave to answer; and defendant appealed from the order.

*F. J. Lamb,* for appellant:

So far as the amended complaint, or any count of it, is identical with or sets forth essentially the same cause of action as the original complaint, it may be disregarded; because it is *res adjudicata* in this case that the original complaint did not state facts sufficient to constitute a cause of action. 43 Wis., 686. There is no substantial difference, unless the first count is to be regarded as setting up an express or implied contract

and its breach as the foundation of the action.    But the original action was one arising *ex delicto*.    The proposed amendment, therefore, changes the ground or cause of action, and this change, which is radical and fundamental, was unauthorized.    *Streeter v. Railway Co.*, 44 Wis., 382; *Newton v. Allis*, 12 id., 378; *Larkin v. Noonan*, 19 id., 82; *Stevens v. Brooks*, 23 id., 196; *Sweet v. Mitchell*, 15 id., 641; *Supervisors v. Decker*, 30 id., 630; 34 id., 378; *Johnson v. Filkington*, 39 id., 62; *Brayton v. Jones*, 5 id., 117.    As now proposed, the action would be a common-law action based upon contract.    Regarding it thus, plaintiff must still fail, because, 1. While the statute was in force, it covered the whole ground of transportation of freights, fixing the entire details as to price and charges, and the duty to receive and transport, so that no room was left for contract in these respects.    As a necessary consequence, the common-law action, during the existence of the statute, was abrogated, and did not, because it could not, exist.    2. If no common-law action then arose, none could be *revived* by the repeal of the statute.    *Commonwealth v. Marshall*, 11 Pick., 350.    3. But the case does not stand now as it would upon a simple repeal of the statute. The repealing act (ch. 57 of 1876) was one by which the whole subject matter was revised.    New provisions were substituted for the old, and the whole matter is still controlled by statute, so that there has been no opportunity for the revival or restoration of the common law or of its remedy.

*J. W. Lusk*, for respondent:

This action was brought, not expressly to recover the penalties prescribed by the law of 1874, but to recover whatever was plaintiff's due under the law, statutory or common.    Reference in the original complaint to that statute was carefully avoided.    There was simply a plain, clear statement of the facts on which plaintiff based his right of action, as the code requires.    This court held, on demurrer, that we had asked judgment for more than we were entitled to.    They did not

and will not hold that plaintiff cannot recover the actual amount of excessive freight extorted from him by defendant. But the *facts* on which he must rely are the same in either case. The only amendment of which the complaint was susceptible, therefore, was in the prayer for relief. To obtain a hearing in court the plaintiff was obliged to go back to the old form of common-law pleading, and allege an express contract for the carriage, which he did not expect to prove; but for safety the body of the original complaint was retained in the second count. The cause of action is not changed: It is still in *tort* for the extortion by defendant. The *facts* and *proof* under the original or amended complaint must be identical. The question is simply, how much plaintiff can recover upon those facts. In all the cases cited by appellant, the proposed amendments would require a different state of facts or different proofs to sustain them, and hence they are not in point.

The following opinion was filed March 30, 1880:

ORTON, J. The two counts of the complaint are not substantially dissimilar, and both charge the appellant company with having taken from the respondent rates and charges for transportation above the rates fixed by law, and in violation of express statute prohibiting the same, by compulsion, and against the protest of the respondent. The action was originally brought by similar averments for the penalties prescribed in section 9, ch. 273, Laws of 1874, which has been since repealed; and it was held by this court (43 Wis., 688) that the action could no longer be maintained for three times the excess so taken while said section was in force.

So far as we are informed by the record upon this appeal, the respondent thereupon amended his complaint, not materially in its statement of facts, but by asking for entirely different relief, viz., instead of the penalties, merely the excess of the rates and charges allowed by the statute, so extorted and compelled, and so paid under protest. In this case we must

hold that this, of itself, was a very material amendment. The first complaint, although stating substantially the same facts, was one exclusively for the *penalties* of the statute, and was so conceded to be by the learned counsel on both sides; and it was not claimed, upon the argument, that it might be sustained and held sufficient for the recovery of the excess merely, as in an action at common law; and although changing the prayer is not generally changing the complaint, yet, when the action was claimed to have been brought solely for the penalties, and so treated both by counsel and the court, for the purposes of the former appeal, the facts stated and the prayer for relief were very properly held inseparable; and it must now be held that changing the prayer for the statutory penalties to one for the relief which is consequential from the facts stated at common law, is in effect an amendment of the complaint itself. It follows, therefore, that the decision of this court upon the former appeal is not conclusive of the question here presented.

The demurrer to the former complaint was sustained on the ground that it was intended to go only for the penalties which had been repealed. That the complaint, so amended, might be sustained for the excess over the lawful rates, so exacted and compelled, is strongly intimated by the chief justice in *Rood v. The C., M. & St. Paul Railway Co.*, 43 Wis., 146, where a similar complaint was held insufficient for the recovery of the penalties in consequence of the repeal of the statute, in the following language: "It may be, however, that the complaint can be amended so as to go for the difference between the rates paid by the respondent and the legal rates at the time."

The principle which is the foundation of the action, with the complaint so amended, has been recognized by this court in *Noyes v. The State*, 46 Wis., 250, where the action was brought to recover license moneys which had been exacted by reason of the statute then in force, but which had afterwards been held unconstitutional and void; and in *Wood v.*

*Lake,* 13 Wis., 94, where the excess of interest above the rate fixed by law, and exacted and paid, was allowed to be recovered in a common-law action as for money had and received.

It is objected that the action, if it go merely for the illegal excess, is in *assumpsit,* and not in tort, and, the former action for the penalties being in tort, it cannot be changed into *assumpsit* by an amendment of the complaint. There appears to be no good reason in such a case why the action may not be in either tort or *assumpsit,* as in the case of *Wood v. The Milwaukee & St. Paul Railway Co.,* 32 Wis., 398, where the act complained of was both a breach of contract and of duty, and the plaintiff had an election to bring his suit in *assumpsit* or tort. The excess in the present case is charged to have been exacted and compelled "wrongfully and fraudulently," which language would seem to give character to the action as one in tort. The repeal of the statute as to the penalties, and a change in the rates of transportation, would certainly not affect this action, going merely for the excess exacted and paid while the law prohibiting it was in force; for the right of action had fully accrued and was complete when the unlawful payment was exacted and paid — a fully vested right at common law. *The Steamship Co. v. Joliffe,* 2 Wall., 450.

It is also objected that the statute prescribing the penalties for such an act, while in force, suspended all other remedies. There might be force in the objection if there had been no other remedy for such an unlawful exaction except a statutory one; then a new statutory remedy might have the effect to suspend or repeal the former one. But I know of no principle by which a civil common-law remedy is suspended by a statute prescribing penalties for the same act. In such a case the remedies would be cumulative, one civil, and the other *quasi* penal, which might be waived. It would be equally pertinent and tenable to claim that the statute making malicious trespass

criminal suspended or repealed the common-law action for trespass.    Questions relating to common-law and statutory offenses have no application to this point, which appears to be too clear for further argument.    The motion to strike off the amended complaint, on the ground that it is the same complaint that this court held insufficient on the former appeal, or for any reason given, was properly overruled.

*By the Court.*— The order of the circuit court is affirmed, with costs.

A motion for a rehearing was denied May 27, 1880.