## 10.  SOUTHERN RAILWAY COMPANY v. SCHLITTLER.

1. Where in a pending case a question is raised as to the constitutionality of an act of the General Assembly of this State, this court will examine the record and ascertain whether a decision of the constitutional question is necessary to the determination of the case. If we find that the decision of such a question is necessary to the determination of the case, we will so certify to the Supreme Court and abide their instruction in the matter; but where the contrary appears, we will proceed to decide the case without so certifying.

2. Where suit is brought for the recovery of an amount for which the defendant would be liable even in the absence of the statute which he seeks to set aside as being contrary to the constitution of the United States, as well as for an additional amount as the penalty authorized by such statute, and the trial court awards judgment in favor of the plaintiff only for the sum which he would be authorized to recover in the absence of such a statute, upon a bill of exceptions brought to this court by the defendant, complaining of the judgment and attacking the constitutionality of such a statute, a determination of such constitutional question is neither necessary nor proper.

3. Independently of the statute of 1889, embodied in the Civil Code, §2316, a carrier is liable to suit by a shipper for the recovery of an overcharge of freight which such shipper has paid, under protest, in order to obtain his goods and which the carrier refused to repay on demand

4. The recovery in this case is authorized by the evidence.

Complaint, from city court of Baxley—Judge Thomas. June 19, 1906.

Argued January 8,—Decided January 11, 1907.

*DeLacy & Bishop,* for plaintiff in error.

POWELL, J.   Schlittler brought suit against the railway company for the recovery of an overcharge of freight which he had paid to it, under protest, upon the shipment of a car-load of horses from Louisville, Kentucky, to Baxley, Georgia, the shipment not being made by Schlittler personally, but by one Baxley, who, it was alleged and proved, was the agent of Schlittler. He also alleged the demand required by the Civil Code, §2316; and prayed judgment for the penalty provided by that statute for the failure of the carrier to repay the overcharge. By both plea and demurrer the defendant set up that the section of the code referred to, as applied to this interstate shipment, is violative of the commerce clause of the constitution of the United States. The demurrer, which was oral and general, and which went to the whole petition, was overruled by the court; but upon the conclusion of the testimony the judge, who heard the case without the intervention of

a jury, rendered a finding, that the plaintiff was entitled to recover $30.95 overcharge and the interest thereon, but that he was not entitled to recover the statutory penalty. The defendant excepted and insists here, in addition to the general ground that the verdict is contrary to the law and the evidence, upon a reversal of the judgment on the ground that the code section 2316 is unconstitutional, and asks this court to certify the question of the unconstitutionality of the statute to the Supreme Court for their instructions.

1. The constitutional amendment by which this court came into existence provides: "Where, in a case pending in the Court of Appeals, a question is raised as to the construction of a provision of the constitution of this State, or of the United States, or as to the constitutionality of an act of the General Assembly of this State, and a decision of the question is necessary to the determination of the case, the Court of Appeals shall so certify to the Supreme Court; and thereupon a transcript of the record shall be transmitted to the Supreme Court, which after having afforded the parties an opportunity to be heard thereon, shall instruct the Court of Appeals on the question so certified, and the Court of Appeals shall be bound by the instruction so given." Acts 1906, p. 25. Since the duty of certifying that the decision of the constitutional question is necessary to the determination of the case is placed upon the Court of Appeals, the jurisdiction to decide when such a necessity exists obviously rests with this court. Hence, when such a question is raised, we will examine the record, and if we find that a decision of a constitutional question is necessarily involved, we will so certify to the Supreme Court; otherwise we will not. This doctrine is in keeping with the general rule obtaining in the courts, that it is not proper to examine into the constitutionality of an act of the General Assembly unless it is found necessary to do so in order to determine the case as made.

2, 3. Manifestly the constitutionality of code section 2316, so far as it authorizes a recovery of a penalty for the failure to repay the overcharge within thirty days after written demand, is not involved in the case as it appears in this court; for no judgment has been rendered against the complaining party for any such penalty. But it is insisted that the constitutionality of the statute may be brought into question, for that it provides that the person paying

the overcharge may sue for the repayment of the overcharge as well as for the penalty, and that the plaintiff's cause of action, as to the sum which he did recover, is also based solely upon this statute. We are not prepared to assent to this proposition. While the allegations and prayers of the petition are such as to authorize a recovery under the terms of that statute, still they are entirely consistent (except so far as the penalty is concerned) with what would be required in a suit under the law as it stands independently of the statute in question. In fact the allegations that the payment was made under protest, and that the carrier refused to deliver him his property except upon his paying the overcharge, seem to indicate clearly that the plaintiff had in mind the general law allowing a recovery in such cases; for such allegations are entirely unnecessary under the code section 2313. See, in this connection, Civil Code, § 3723. The plaintiff's recovery being authorized by common law as well as by the statute in question, the constitutionality or unconstitutionality of the latter becomes absolutely immaterial.

4. It is insisted that the finding against the defendant is without evidence to support it, because the contract of shipment was not made with Schlittler but with Baxley. It was alleged in the petition and proved that Baxley was Schlittler's agent. The defendant's agent, in presenting the bill for the freight, made it out against Schlittler, and collected the same as well as the overcharge from him. This was sufficient. *Central of Georgia Ry. Co.* v. *James,* 117 *Ga.* 832.          *Judgment affirmed.*