ESTES *et al v.* PERRY *et al.*

No. 6589.   FEBRUARY 23, 1929.

*Paul L. Lindsay,* for plaintiffs.   *S. J. Smith Jr.,* for defendants.
ATKINSON, J.   Sixteen natural persons and one corporation instituted a joint action against the members of the Georgia Public Service Commission, to enjoin that body from exercising jurisdiction over the businesses, conducted separately by the several plaintiffs, of operating over the public highways in the State, and between different towns and cities and over separate definite routes, certain lines of "motor-bus" for the purpose of carrying passengers and goods for hire.   The plaintiffs allege that the law defining the powers of the Public Service Commission does not confer jurisdiction to regulate their several businesses; that they do not hold themselves out as ready, willing, and able to transport any person who may present himself, or any goods that may be offered; but that each reserves and exercises the right of individual contract, and of acceptance of only such persons and only such goods as he elects to transport.   The foregoing states the case as made by the pleadings and evidence.   The defendants did not introduce evidence. The exception is to a judgment refusing a temporary injunction.

It is declared in article 4, section 2, paragraph 1, of the constitution of this State (Civil Code (1910), § 6463):   "The power

and authority of regulating railroad freights and passenger tariffs, preventing unjust discriminations, and requiring reasonable and just rates of freight and passenger tariffs are hereby conferred upon the General Assembly, whose duty it shall be to pass laws, from time to time, to regulate freight and passenger tariffs, to prohibit unjust discrimination on the various railroads of this State, and to prohibit said roads from charging other than just and reasonable rates, and enforce the same by adequate penalties." In 1879 the legislature provided means for carrying this provision of the constitution into effect, by creating the Railroad Commission of Georgia and prescribing its powers and duties. (Ga. Laws 1878-9, p. 125). In sections 3-10 of this act certain visitatorial powers were conferred upon the Railroad Commissioners over "railroad corporations." In section 12 it was declared: "That the terms 'railroad corporation,' or 'railroad company,' contained in this act shall be deemed and taken to mean all corporations, companies, or individuals now owning or operating, or which may hereafter own or operate, any railroad, in whole or in part, in this State, and the provisions of this act shall apply to all persons, firms, and companies, and to all associations of persons, whether incorporated or otherwise, that shall do business as common carriers upon any of the lines of railroad in this State (street-railways excepted), the same as to railroad corporations hereinbefore mentioned." This is contained in § 2642 of the Civil Code of 1910. Thus far the jurisdiction of the commission over the businesses to be controlled was clearly limited to those of persons doing "business as common carriers upon any of the *lines of railroad* in this State (street-railways excepted)." These, of course, would not extend to operators of motor-buses traversing the public highways. The law as embodied in the act of 1879 was amended (Acts 1908, p. 67; Acts 1919, p. 94), but these amendments did not purport to confer jurisdiction over any business which was not comprehended by the act of 1879. The first act extending the jurisdiction as declared by the original act of 1879 was the act approved October 21, 1891 (Ga. Laws 1890-91, p. 151). By this act the visitatorial powers of the commissioners were extended to all companies or persons owning, controlling, or operating lines of express or telegraph. The operation of motor-buses palpably would not fall under this provision. The act was

again amended (Ga. Laws 1905, p. 120), but this did not purport to extend the jurisdiction of the commissioners over persons, where it had not been conferred by the previous acts.

The next amendment was the act of 1907 (Ga. Laws 1907, p. 72). This act, among other things, related to extension of the jurisdiction of the railroad commission, and will be referred to presently. The act was subsequently amended by the act approved August 21, 1922 (Ga. Laws 1922, p. 143). This act changed the name to Georgia Public Service Commission, and conferred upon that body all the powers and jurisdiction theretofore devolving on the Railroad Commission of Georgia. It remains to be seen whether the act of 1907 extended the jurisdiction so far as to include jurisdiction over operators of motor-buses such as the plaintiffs in this case. The caption of the act includes the statements: "to revise, enlarge, and more clearly define the powers, duties, and rights of said commission; . . to extend its powers and jurisdiction over docks and wharves, terminal companies, cotton compress companies, . . railway terminals or terminal stations; over telephone or telegraphic companies . . operating any public telephone service; . . over street-railroads; . . over gas and electric light and power companies . . operating public gas plants, electric light and power plants furnishing power to the public." In part section 5 follows: "The powers and duties heretofore conferred by law upon the Railroad Commission are hereby extended and enlarged, so that its authority and control shall extend to street-railroads and street-railroad corporations, companies or persons owning, leasing, or operating street-railroads in this State; . . over docks and wharves and corporations, companies, or persons owning, leasing, or operating the same; over terminals or terminal stations and corporations, companies, or persons owning, leasing, or operating such; cotton compress corporations or associations, and persons or companies owning, leasing, or operating the same; and over telegraph or telephone corporations, companies, or persons owning, leasing, or operating a public telephone service or telephone lines in this State; over gas and electric light and power company, corporation or persons owning, leasing, or operating public gas plants or electric light and power plants furnishing service to the public."

It is to be observed that the foregoing specifically designates the

new subjects over which the jurisdiction of the railroad commission should extend. Also that these, as those theretofore existing, do not include by name or class operators of motor-buses. In part section 6 follows: "Be it further enacted by the authority aforesaid, That the Railroad Commission of Georgia shall have and exercise all the power and authority heretofore conferred upon it by law, and *shall have the general supervision of all common carriers,* railroads, express corporations or companies, street-railroads, railroad corporations or companies, dock or wharfage corporations or companies, terminal or terminal station corporations or companies, telephone and telegraph corporations or companies within this State, . . and to require all common carriers and other public service companies under their supervision to establish and maintain such public service and facilities as may be reasonable and just, . . and to require such publication by common carriers in newspapers of towns through which their lines extend of their schedules as may be reasonable and which the public convenience demands. Said commission is hereby given authority to examine into the affairs of said companies and corporations, and to keep informed as to their general condition, their capitalization, their franchises, and the manner in which their lines owned, leased, or controlled are managed, conducted, and operated not only with respect to the adequacy, security, and accommodation afforded by their service to the public and their employees, but also with reference to their compliance with all provisions of law, orders of the commission, and charter requirements. Said commission shall have the power and authority, whenever it deems advisable, to prescribe, establish, and order a uniform system of accounts to be used by railroads and other corporations over which it has jurisdiction hereunder; the same to be as far as practicable in conformity with the system of accounts prescribed by the Interstate Commerce Commission; to examine all books, contracts, records, and documents of any person or corporation subject to their supervision, and compel the production thereof. Said commission shall have the power, through any one or more of its members, at its direction, to make personal visitation to the offices and places of business of said companies for the purpose of examination, and such commissioner or commissioners shall have full power and authority to examine the agents and employees of said companies

under oath, or otherwise, in order to procure information deemed by the commissioners necessary to their work or of value to the public."

It is not declared in this section that it is intended to introduce any new class of business over which the jurisdiction should extend, but it is a summary of the business to which the jurisdiction attached under the prior law and as added to by section 5 above quoted. It specifically named the various corporations and companies intended to be affected, but did not name operators of motor-buses. In section 7 authority was conferred to "ascertain the cost of construction and the present value of properties in Georgia owned by said *corporations or companies,* and to that end may employ necessary experts. Said commission shall have authority to prescribe rules with reference to spur-tracks and side-tracks, with reference to their use and construction, removal, or change, with full power to compel service to be furnished to manufacturing plants, warehouses, and similar places of business along the line of railroads where practicable; . . to order and compel the operation of sufficient and proper passenger service when in its judgment inefficient or insufficient service is being rendered the public or any community, . . to order and compel the making and operation of physical connection between lines of railroad crossing or intersecting each other; . . to prescribe rules and penalties covering and requiring the prompt receipt, carriage, and delivery of freight, and prompt furnishing of cars to shippers desiring to ship freight; and shall also be authorized to prescribe rules and penalties for the transfer of cars through yards by connecting roads, . . to order the erection of depots and stations . . and to order the appointment and service thereat of depot or station agents."

In section 8 supervisory powers were conferred over *"each of the companies or corporations* over which the authority of the Railroad Commission is extended by law," in matters relating to issuing corporate bonds. In section 9 it was provided that in case "common carrier or other corporation or company mentioned in this act" offends the law or any rule of the commission, any person suffering damage therefrom may sue for the injury, and in certain circumstances may have attorney's fees. In sections 10 and 11 provision is made for repeal of certain existing laws relat-

ing to penalties. In section 12 it is declared: "That every common carrier, railroad, street-railroad, railroad corporation, street-railroad corporation, express, telephone, telegraph, dock, wharfage and terminal company or corporation within the State, and other corporations, companies, or persons coming under the provisions of this act, and all officers, agents, and employees of the same, shall obey, observe, and comply with every order made by the commission under this act or under authority of acts heretofore passed." And for breach of such duty "shall forfeit to the State of Georgia a sum not more than five thousand dollars for each and every offense, the amount to be fixed by the presiding judge. Every violation of the provisions of this act or any preceding act or of any such order, direction, or requirement of the Railroad Commission shall be a separate and distinct offense; and in case of a continued violation, every day a violation thereof takes place shall be deemed a separate and distinct offense. An action for the recovery of such penalty may be brought in the county of the principal office of such corporation or company in this State, or in the county of the State where such violation has occurred and wrong shall be perpetrated, or in any county in this State through which said corporation or company operates, or, where the violation consists of an excessive charge for the carriage of freight or passengers or service rendered, in any county in which said charges are made, or through which it was intended that such passengers or freight should have been carried or through which such corporation operates, and shall be brought in the name of the State of Georgia by direction of the Governor."

The pertinent portions of the act of 1907 have been quoted at length, for consideration in determining the meaning of the words "all common carriers," as employed in the phrase "shall have the general supervision of all common carriers," as contained in the first part of section 6 of the act. This phrase was not stated in the caption of the act, nor was it stated in section 5 of the act which purported to state specifically the classes of new businesses that were intended to be brought under the jurisdiction of the Railroad Commission. Railroad companies and express companies already under the jurisdiction were common carriers. With the exception of this phrase, section 6 is but a summary or restatement of the several matters over which the jurisdiction should ob-

tain. The subsequent part of section 6 contains provisions that would be appropriate to railroads, but not to all common carriers. The subsequent sections of the act contain provisions that would be appropriate to the various "corporations and companies" specially mentioned in the act, but not to all common carriers. In the light of the history of the legislation and considered in its context, the words "common carriers" should be construed to refer to railroad companies and other common carrier companies expressly mentioned in the act, and not to include *common carriers* generally. The act specifically mentioned "wharves and docks," but did not mention steamboats, vessels, or navigation companies, nor did it mention ferries and many other classes of common carriers to which the subsequent provisions of the act would be inappropriate. The entire legislation deals with administrative matters regulatory of specific businesses, and does not indicate a policy to lay hold of other businesses under a blanket designation. In view of what has been said, the jurisdiction of the Georgia Public Service Commission does not include regulation and control of the business of motor-buses on the public highways of this State. The statute is substantially different from that involved in Terminal Taxicab Co. *v.* Kutz, 241 U. S. 252 (36 Sup. Ct. 583, 60 L. ed. 984, Ann Cas 1916D, 765). No ruling will be made upon the question whether under the facts of this case the plaintiffs were common carriers. That question is expressly left open. The judge erred in refusing an injunction.

*Judgment reversed. All the Justices concur.*