ATLANTIC LOG & EXPORT CO. *v.* CENTRAL OF GA. RY. CO.
ATLANTIC TIE & TIMBER CO. *v.* GAY, receiver.
PIERPONT MANUFACTURING CO. *v.* GAY, receiver.
PIERPONT MANUFACTURING CO. *v.* S. A.-L. RY. CO.

No. 7143.   SEPTEMBER 15, 1930.   REHEARING DENIED SEPTEMBER 29, 1930.

*Charles E. Donnelly* and *Watkins, Asbill & Watkins,* for plaintiffs.

*T. M. Cunningham Jr., A. R. Lawton Jr., Anderson, Cann & Cann,* and *Hitch, Denmark & Lovett,* for defendants.

ATKINSON, J. ■ In *McGregor* v. *Clark,* 155 *Ga.* 377, this court said: "A repeal by implication takes place 'only in so far as a statute is clearly repugnant to a former statute, and so irreconcilably inconsistent with it that the two can not stand together, or is manifestly intended to cover the subject-matter of the former and operate as a substitute for it, that such a repeal will be held to result.'" This rule is stated in various forms in the following cases. *Erwin* v. *Moore,* 15 *Ga.* 361; *Jones* v. *Central Railroad &c. Co.,* 21 *Ga.* 104; *Miller* v. *Southwestern Railroad Co.,* 55 *Ga.* 143; *Pausch* v. *Guerrard,* 67 *Ga.* 319; *Kennedy* v. *McCardel,* 88 *Ga.* 454 (14 S. E. 710); *Gress Lumber Co.* v. *Coody,* 99 *Ga.* 775 (27 S. E. 169); *Butner* v. *Boifeuillet,* 100 *Ga.* 743 (28 S. E. 464); *Crovatt* v. *Mason,* 101 *Ga.* 246 (28 S. E. 891); *Western & Atlantic R. Co.* v. *Atlanta,* 113 *Ga.* 537 (38 S. E. 996, 54 L. R. A. 294); *Horn* v. *State,* 114 *Ga.* 509 (40 S. E. 768); *Edalgo* v. *Southern Ry. Co.,* 129 *Ga.* 258 (58 S. E. 846); *Gray* v. *McLendon,* 134 *Ga.* 224 (67 S. E. 859); *Verdery* v. *Walton,* 137 *Ga.* 213 (73 S. E. 390); *Jones* v. *Stokes,* 145 *Ga.* 745 (89 S. E. 1078); *Brackett* v. *Arp,* 156 *Ga.* 160 (118 S. E. 651); *Friedman* v. *Mizell,* 164 *Ga.* 1 (137 S. E. 400). In *Horn* v. *State,* supra, it was said: "The rule as to repeal by implication is, in such cases, so far as we can ascertain from the authorities, that when the legislature intends to revise a former act or charter or to deal exhaustively with the subject of all or a part of the original act, and a portion of the original act is left out, such omitted portion is repealed by implication." In the light of the foregoing, the first question propounded by the Court of Appeals will be answered.

In section 10 of the act of 1879 (Ga. L. 1878-9, p. 125), creating the Railroad Commission of this State, it is declared: "That if any railroad company doing business in this State shall, in violation of any rule or regulation provided by the commissioners aforesaid, inflict any wrong or injury on any person, such person shall have a right of action and recovery for such wrong or injury in the

county where the same was done, in any court having jurisdiction thereof; and the damages to be recovered shall be the same as in actions between individuals, except that in cases of willful violation of law such railroad companies shall be liable to exemplary damages; provided, that all suits under this act shall be brought within twelve months after the commission of the alleged wrong or injury." This law was carried into the several codes and appears in exactly the same language in the Civil Code of 1910 as § 2640. The provisions of section 2666 in the Civil Code of 1910 originated in section 9 of the act of 1907 (Ga. L. 1907, p. 72), and appeared in the Civil Code of 1910 as follows: "In case a common carrier or other corporation or company mentioned in this section shall do, cause to be done, or permit to be done any act, matter, or thing prohibited, forbidden, or declared to be unlawful, or shall omit to do any act, matter, or thing required to be done, either by any law of the State of Georgia, by this section, or by an order of the commission, such common carrier or other corporation or company shall be liable to the persons or corporations affected thereby for all loss, damage, or injury caused thereby or resulting therefrom; and in case of recovery, if the jury shall find that such act or omission was willful, it may fix a reasonable counsel's or attorney's fee, which fee shall be taxed and collected as part of the costs of the case. An action to recover for such loss, damage, or injury may be brought in any court of competent jurisdiction, by any such person or corporation." The caption of this act is: "An act to increase the membership of the Railroad Commission of Georgia, and and to prescribe the qualifications for membership; to authorize the designation of a chairman thereof by the Governor, and to prescribe his duties and compensation; to revise, enlarge, and more clearly define the powers, duties, and rights of said commission; to authorize it to employ rate and other experts, and to fix their pay; to increase the printing fund, and the salary of the secretary of the commission; to employ a stenographer and fix his pay; to extend its powers and jurisdiction over docks and wharves, terminal companies, cotton compress companies, corporations or persons owning, leasing, or operating railway terminals or terminal stations, over-telephone or telegraphic companies or corporations or persons owning, leasing, or operating any public telephone service in this State, and over street-railroads and street-railroad corporations, com-

panies, or persons owning, leasing, or operating street-railroads in this State, over gas and electric light and power companies, corporations, or persons owning, leasing, or operating public gas plants, electric light and power plants furnishing power to the public; to fix the domicile of the Railroad Commission, and prescribe what courts of this State have jurisdiction over proceedings instituted against it; to prescribe and fix penalties and punishments for failure or refusal to observe any order, rule, or regulation of the Railroad Commission, and to prescribe the form of procedure for enforcing the same; to repeal sections 2195 and 2196 of the Code of Georgia, 1895, touching penalties and procedures to enforce the same for a violation of the orders, rules, and regulations of the commission; to repeal sections 3 and 4 of the act approved August 23, 1905, prescribing certain penalties and forms of procedure for enforcing same; and for other purposes." It will be perceived that there is no mention in the above caption of repeal of section 10 of the act of 1879 (Civil Code, § 2640). In section 9 of the act of 1907 (Civil Code, § 2666) there is no reference to repeal of section 10 of the act of 1879 (Civil Code § 2640), nor is there such reference in any portion of the act; but in section 10 of said act of 1907 there is express repeal of sections 2195 and 2196 of the Civil Code of 1895, relating to penalties and procedure for enforcement thereof for violations of orders, rules, and regulations of the commission. If there had been an intention to repeal section 10 of the act of 1879, an expression to that effect was opportune and would have been most appropriate. Again, while retention of section 10 of the act of 1879 in the Code of 1910, after the act of 1907, may not have revived the former if it had been repealed by the latter, yet such retention in the Code is entitled to some weight on the question of intent to repeal by implication. The language of the Civil Code, § 2666, referring to "*a common carrier or other corporation or company* mentioned in this section," is broader than the language of § 2640, "any *railroad company* doing business in this State." See *Estes* v. *Perry,* 167 *Ga.* 902 (147 S. E. 370). There are other differences in the two statutes. The right of action under § 2640 is predicated on violation of any *rule or regulation of the commissioners.* The right of action under § 2666 is predicated on the doing, causing, or permitting to be done "any act, matter, or thing prohibited, forbidden, or declared to be *unlawful,*" or *omis-*

*sion* to do "any act, matter, or thing required to be done, either by any law of the State of Georgia, by this section, *or by an order of the commission."* Section 2640 provides for exemplary damages, while section 2666 does not make reference to exemplary damages. Section 2640 does not provide for recovery of attorney's fees, but there is such a provision in section 2666. Section 2640 provides a limitation of twelve months for bringing suits thereunder, while section 2666 does not contain such provision. Considering the origin and substance of the two sections of the Code, they are not so repugnant or of such character as to show a legislative intent to repeal section 2640 by implication.

■ The Civil Code (1910), § 2640, provides for liability of a railroad company for damages produced by "violation of any rule or regulation" made by the railroad commissioners. Rates and tariffs "fixed by" the board of railroad commissioners come within the meaning of the words "rule or regulation" above mentioned. *Parmelee* v. *Savannah, Florida & Western Railway,* 78 *Ga.* 239 (2 S. E. 686). A charge for freight in excess of the rates and tariff fixed by the commission is such violation of the rules of the commission as will give a statutory right of action under that section of the Code. This applies also to rules and regulations of the Georgia Public Service Commission, that body being the successor to the former board of Railroad Commissioners of Georgia, and having in virtue of the act of 1922 (Ga. L. 1922, p. 143) succeeded to all its powers and duties. *Estes* v. *Perry,* supra. The rates and tariffs which a railroad company may charge are no longer the subject of contract between such companies and their patrons, but are fixed by the rules and regulations of the commissioners, and the statute gives the right of action against the companies for charging intrastate freight rates in excess of those fixed by the commission.

■ The Civil Code, § 2666, imposes statutory liabilities against common carriers for positive acts "forbidden or declared to be *unlawful;"* also where such carriers *"omit* to do any act, matter, or thing required to be done either by any law of the State of Georgia, by this section, *or by an order of the commission."* The only liability having relation to an "order of the commission" is for *omission* to perform such order or mere nonfeasance. This does not include liability for the positive acts of charging and collecting freight

in excess of the rates and tariffs fixed by the commission. Consequently section 2666 does not confer the right on a shipper to bring an action against a railroad company for the recovery of freight charges paid on intrastate shipments in excess of the rates and tariff fixed by the Georgia Public-Service Commission.

The language of § 2640, in relation to limitation of actions based on excessive freight charges, is "that all suits under this article shall be brought within twelve months after the commission of the alleged wrong, or injury." This limitation is a part of the statute that provides for the liability. It can not be taken out of the statute by construction. This comports with the ruling in *Parmelee* v. *Savannah, Florida & Western Railway*, supra, in which it was held: "Under § 719(j) of the Code [§ 2640 of the Code of 1910], it is a condition precedent to the bringing of a suit for the recovery of amounts paid for freight to a railroad company, in excess of the sum allowed by the railroad commission, that the suit should be brought within twelve months from the time the right of action accrues." A request is made to review and overrule the decision in that case; but this court, being satisfied with the ruling there made, declines to overrule it. That which is stated above finds support also in the decision in Kansas City Southern Ry. Co. v. Wolf, 261 U. S. 133 (43 Sup. Ct. 259, 67 L. ed 571) involving the limitation fixed by § 16 of the interstate-commerce act, which provides that "All complaints for the recovery of damages shall be filed with the commission within two years from the time the cause of action accrues, and not after." The Supreme Court, quoting from Phillips Co. v. Grand Trunk Western Ry. Co., 236 U. S. 662 (35 Sup. Ct. 444, 59 L. ed. 774), said: "Under such a statute the lapse of time not only bars the remedy but destroys the liability. . . For when it appeared that the complaint had not been filed within the time required by the statute, it was evidence, as matter of law, that the plaintiff had no cause of action." Under proper construction, the limitation expressed in the Civil Code (1910), § 2640, requires that all suits against railroad companies for the recovery of freight charges paid on intrastate shipments, in excess of the rates and tariffs fixed by the Georgia Public Service Commission, shall be brought within twelve months after the commission of the wrong.

*Questions 1 and 3 answered in negative; 2 and 4 in affirmative.*

*All the Justices concur, except Russell, C. J., and Hines, J., who dissent from the rulings on questions 2 and 4.*

HINES, J., dissenting. 1. I dissent from the ruling stated in the 2d division of the decision. Does section 2640 of the Civil Code of 1910 confer the right on a shipper to bring an action for the recovery of freight charges paid on intrastate shipments, in excess of the rates fixed by the Georgia Public Service Commission? The power to determine what are just and reasonable rates and charges was vested exclusively in the Railroad Commission of this State under the act of October 14, 1879, by which it was created. Acts 1879, p. 125. By that act and the acts amendatory thereof, the railroad commissioners were required to make "reasonable and just rates of freight and passenger tariffs, to be observed by all railroad companies doing business in this State on the railroads thereof." Acts 1879, p. 125; Acts 1889, p. 131; Acts 1907, p. 72; Civil Code (1910), § 2630. The commissioners were likewise required to make reasonable and just rules and regulations to be observed by all railroad companies doing business in this State, as to charges to any and all points for the necessary handling and delivery of freights. They were likewise required and are required to make such just and reasonable rules and regulations as may be necessary for preventing unjust discriminations in the transportation of freight and passengers on the railroads in this State. They were likewise empowered to make just and reasonable rules and regulations to be observed by railroad companies to prevent the paying of any rebate or bonus, directly or indirectly, and from misleading or deceiving the public in any manner as to the real rates charged for freight and passengers. They were likewise clothed with power by rules and regulations to designate and fix the difference in rates of freight and passenger transportation to be allowed for long and shorter distances. Civil Code (1910) § 2630. The Public-Service Commission of Georgia is further authorized to make reasonable rules and regulations touching other matters than those referred to above. Civil Code (1910), §§ 2633, 2634, 2638. So the Public-Service Commission of this State is empowered both to fix reasonable and just freight and passenger rates, and to make reasonable rules and regulations for the government of the public utilities subject to its jurisdiction. It thus appears that the legislature in passing the act of 1879 made a distinction between the

making of freight and passenger rates, and regulations for the government of carriers subject to its jurisdiction.

In these circumstances what is the proper construction of section 2640 of the Civil Code? Does this section authorize a suit to recover freight overcharges? It provides that "If any railroad company, doing business in this State, shall, in violation of any rule or regulation provided by the commissioners, . . inflict any wrong or injury on any person, such person shall have a right of action and recovery for such wrong or injury, . . and the damages to be recovered shall be the same as in actions between individuals, except that in cases of wilful violation of law such railroad companies shall be liable to exemplary damages; provided that all suits under this article shall be brought within twelve months after the commission of the alleged wrong or injury." It provides a remedy for the recovery of damages for a wrong or injury inflicted on any person by a violation of any rule or regulation of the commission. It provides a remedy by which the person can recover damages for such wrong or injury, and in addition provides for exemplary damages if the injury or wrong is committed wilfully. It does not expressly provide for the recovery of freight overcharges. While the fixing of freight and passenger rates is in a general sense a regulation, is this action such a rule or regulation as comes within the meaning of this section? I am of the opinion that this section should be construed in connection with section 2770 of the Civil Code, which provides a remedy for the recovery of overcharges, and fixes a penalty for so doing. It is true that section 2770 of the Code was taken from the act of 1889; and it may be contended that it was the purpose of the legislature to provide two remedies for the recovery of overcharges. I do not think that this contention is well founded. If the legislature had intended, by the adoption of the act which is now embraced in section 2640 of the Code, to provide a remedy with a penalty for the recovery of overcharges, it would hardly have passed the act of 1889, now embraced in section 2770, which likewise provides a remedy for the recovery of overcharges with a penalty. It is true that the penalties provided in the two sections are different. Clearly the legislature was of the opinion that section 2640 did not provide a remedy for the recovery of overcharges with a penalty, and therefore passed the act of 1889, now embodied in section 2770.

Construing these two acts together, it was not the purpose of the legislature of 1879 to provide for the recovery of freight overcharges; and by the passage of the act of 1889 it was the intention of the legislature, not to provide an additional remedy for the recovery of overcharges, but to supply this omission from the act of 1879 by providing a remedy with penalty for the recovery of freight overcharges. So I feel constrained to dissent from the ruling just referred to.

2. I dissent from the ruling made in the 4th division of the decision. The majority hold that section 2640 of the Civil Code of 1910, when properly construed, "requires that all suits against railroad companies for the recovery of freight charges paid on intrastate shipments, in excess of the rates and tariffs fixed by the Georgia Public Service Commission, shall be brought within twelve months after the commission of the wrong." The majority do not confine themselves to the proposition that all suits brought under the above section of the code must be brought within twelve months after the commission of the alleged wrong or injury, but so extend the scope of this section as to prohibit any action for overcharges of freight rates unless such action is brought within 12 months after the wrong is committed. The ruling is based upon the assumption that the statute (§ 2640) created a new right which did not exist prior to the adoption of the statute, and that the statute which created the right made the exercise of the right contingent upon the bringing of the suit within twelve months after the commission of the wrong. This reasoning would be sound if this statute created for the first time the right to sue carriers for overcharges of freight, with the provision that the suit must be brought within twelve months from the collection of the overcharges. This statute did not for the first time give to shippers the right to recover from carriers overcharges of freight. Under the common law, where a carrier made overcharges, the same could be recovered by an action for money had and received. 10 C. J. 454, § 717; Cullen v. S. A. L. Ry. Co., 63 Fla. 122 (58 So. 182); Mobile &c. R. Co. v. Steiner, 61 Ala. 559. Besides, the party aggrieved is not limited to this form of action, but may sue in tort for a violation by the carrier of its duty in this respect. 10 C. J. 454, § 717; Smith v. Chicago &c. R. Co., 49 Wis. 443 (5 N. W. 240); Southern Railway Co. v. Schlittler, 1 Ga. App. 20 (3) (58 S. E. 59); Southh-

*ern Railway Co.* v. *Moore,* 133 *Ga.* 806 (67 S. E. 85, 26 L. R. A. (N. S.) 851). So the right to recover from a carrier for overcharges of freight exists by the common law; and common-law remedies exist for its enforcement. The act of October 14, 1879 (Ga. L. 1878-9, pp. 125, 129), from which section 2640 is taken, preserves all common-law rights and remedies upon this subject. The 11th section of said act provides that "The remedies hereby given the persons injured shall be regarded as cumulative to the remedies now given by law against railroad corporations, and this act shall not be construed as repealing any statute giving such remedies." The right to sue for overcharges of freight being given shippers by the common law, and the common-law remedies for the enforcement of this right being expressly preserved by the act from which section 2640 is taken, it can not with any show of reason be held that suits for the recovery of freight overcharges can only be brought under said section of the Code. If the act of October 14, 1879, had provided that all suits for the recovery of overcharges should be brought under that section of the code, it would necessarily follow that the statute of limitations therein provided would be applicable. So if the suits brought by the plaintiffs in these cases had been brought under section 2640 of the Civil Code of 1910, the statute of limitations therein provided would apply.

The majority rely upon the decision in *Parmelee* v. *S., F. & W. Ry.,* 78 *Ga.* 239 (supra), to support their ruling. In my opinion it is not authority for the position taken by the majority. In that case this court held that the action brought therein was brought under the law embraced in section 719(j) of the Code of 1882 (section 2640 of the present Code). With that finding of fact, the ruling made in that case was inescapable. Conceding that an action is brought under section 2640, it clearly and necessarily follows that it must be brought within the time limit thereby fixed. Otherwise it will be barred. A statute instituting a new remedy for an existing right does not take away a pre-existing remedy, without express words or necessary implication. In such a case the new remedy is cumulative, and either may be pursued. When a statute gives a right and remedy which did not exist at common law, and provides a specific method of enforcement, the mode of procedure provided by the statute is exclusive and must be pursued strictly. *Southern Railway Co.* v. *Moore,* supra. Besides, by the act of 1889

(Acts 1889, p. 136), now embraced in section 2770 of the Civil Code, it is provided that "In all cases where any railroad or other common carrier shall demand and receive, for goods shipped from within or without this State to any point in this State, any overcharge or excess of freight over and beyond the proper or contract rate of freight, and a demand in writing for the return or repayment of such overcharge is made by the person paying the same, said railroad or common carrier shall refund said overcharge within thirty days from said demand; and if said common carrier shall fail or refuse to settle within thirty days, or within said time to refund said overcharge or overpayment, then said railroad or common carrier shall be liable to said person making the overpayment in an amount double the amount of the overpayment, to be recovered in any court having jurisdiction of the same; and more than one claim for such excess may be joined in the same suit." In view of the fact that the act of October 14, 1879, from which section 2640 is taken, expressly declares that the remedies thereby given shall be regarded as cumulative to the remedies then existing against railroad corporations, and in view of the fact that a shipper could recover from a carrier overcharges by the common law, and in view of the fact that a right of recovery given by statute will not repeal or annul a remedy given by the common law, unless the statute expressly repeals or annuls the common-law remedy, I can see no escape from the conclusion that the ruling made in the 4th division of the decision is unsound. The statute from which section 2640 is taken, now embodied in sec. 2641 of the Civil Code (1910), expressly declares that the remedy thereby given is cumulative. The majority in their opinion hold that the remedy thereby given is exclusive. To this I can not assent.