33220. GOEBEL *v.* HODGES.

Decided February 27, 1951. Adhered to on Rehearing March 23, 1951.

*Bouhan, Lawrence, Williams & Levy, David R. Elmore,* for plaintiffs in error.

*Lionel E. Drew Jr., Fred B. Davis,* contra.

MacIntyre, P. J. Mrs. Alberta Hodges brought an action for damages for personal injuries in the Municipal Court of Savannah against A. S. Goebel and Margaret Goebel. The defendants demurred to the petition upon the ground that the court was without jurisdiction to entertain and dispose of cases involving injuries to the person. The court overruled the demurrer and the defendants excepted.

By the amendment of 1912 to Art. VI, Sec. VII, Par. I of the Constitution of 1877 the General Assembly was authorized to abolish justice of the peace courts in cities having a population of over 20,000, except in the City of Savannah, and to establish in lieu thereof new courts in such cities to exercise jurisdiction formerly exercised by justice of the peace courts and such additional jurisdiction as might be conferred by law. By the amendment of 1914 of the same section the exception as to the City of Savannah was removed. Code, § 2-3501. Pursuant to this last amendment the General Assembly established the Municipal Court of Savannah by the act of 1915 (Ga. L. 1915, pp. 124-137). By section 3 of that act it was provided, "That the jurisdiction of the Municipal Court of Savannah as to civil

and criminal matters shall in all respects be the same as the jurisdiction of justices' courts in the County of Chatham at the date of the passage of this Act, and in addition thereto, the said court shall have jurisdiction in trover and in bail trover proceedings, in which the value of the property sued for, exclusive of hire, does not exceed the principal sum of one hundred dollars."

By the act of 1927 (Ga. L., 1927, p. 455-464) the act of 1915 was amended, increasing and defining the jurisdiction of the Municipal Court of Savannah. Section 2 of the act of 1927 provided: "Be it further enacted, that the said Municipal Court of Savannah, in addition to the usual jurisdiction of justices' courts of this State, shall have jurisdiction within the corporate limits of the City of Savannah and also without such limits in Chatham County, concurrent with the superior court, to try and dispose of all civil cases or proceedings of whatever nature, ex contractu or ex delicto, under the common law or by statute, in which the principal sum sworn to or claimed to be due, or the value of the property in dispute, does not exceed three hundred dollars, and of which jurisdiction is not vested by the Constitution and laws of the State of Georgia exclusively in other courts. The criminal jurisdiction of said municipal court shall not exceed the jurisdiction now vested by law in the justices' courts of this State."

By section 2 of the act of 1937 (Ga. L., 1937, pp. 1203-1210), section 3 of the act of 1915 was amended to read: "That the jurisdiction of the Municipal Court of Savannah as to civil and criminal matters shall in all respects be the same as the jurisdiction of justices' courts in the County of Chatham at the date of the passage of this Act, and in addition thereto, the said court shall have jurisdiction in trover and in bail trover proceedings in which the value of the property sued for, exclusive of hire, does not exceed the principal sum of one hundred ($100) dollars, and shall also have jurisdiction of actions to recover penalties which may be sued for under the laws of Georgia, but in no case shall said court have jurisdiction to render judgment for more than three hundred ($300) dollars exclusive of interest, and said court shall have jurisdiction to take and entertain pleas of guilty in misdemeanor cases by consent of defendant

and impose sentence as provided by law when such cases shall have origin in said court by virtue of warrants issued in said court."

In the act of 1937, the act of 1927 is not mentioned insofar as the act of 1927 affects the jurisdiction of the Municipal Court of Savannah. By the provisions of the Constitution (Code § 2-1916), "No law, or section of the Code, shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending, or repealing act, shall distinctly describe the law to be amended or repealed, as well as the alteration to be made."

It has been held by both the Supreme Court and this court, however, that " 'subsequent legislation repeals previous inconsistent legislation, whether it expressly declares such repeal or not. In the nature of things it would be so, not only on the theory of intention, but because contradictions can not stand together. The intention to repeal, however, will not be presumed, nor the effect of repeal admitted, unless the inconsistency is unavoidable.' " *Adcock* v. *State,* 60 *Ga. App.* 207, 208 (3 S. E. 2d, 597), and citations.

In an effort to illustrate the intention of the legislature and demonstrate the consistency of the two acts (act of 1937 and act of 1927) we propose to requote that section of the act of 1937 dealing with the jurisdiction of the Municipal Court of Savannah and to insert in italics the pertinent portions of the section of the act of 1927 which also deal with that court's jurisdiction, but to which no reference is made in the act of 1937; and in order to delineate the gradual expansion of that court's jurisdiction we have numbered in brackets each such increase in jurisdiction: "Be it further enacted by the authority aforesaid, That the jurisdiction of the Municipal Court of Savannah as to civil and criminal matters shall in all respects be [1] the same as the jurisdiction of justices' courts in the County of Chatham at the date of the passage of this Act, and [2] in addition thereto, the said court shall have jurisdiction in trover and in bail trover proceedings in which the value of the property sued for, exclusive of hire, does not exceed the principal sum of one hundred ($100.00) dollars, . . [and] *in addition to the usual jurisdiction of justices' courts of this State, shall have*

*jurisdiction within the corporate limits of the City of Savannah and also without such limits in Chatham County, concurrent with the superior court, [3] to try and dispose of all civil cases or proceedings of whatever nature, ex contractu or ex delicto, under the common law or by statute, in which the principal sum sworn to or claimed to be due, or the value of the property in dispute, does not exceed three hundred dollars, and of which jurisdiction is not vested by the Constitution and laws of the State of Georgia exclusively in other courts . . ,* and shall also have jurisdiction [4] of actions to recover penalties which may be sued for under the laws of Georgia, but in no case shall said court have jurisdiction to render judgment for more than three hundred ($300.00) dollars exclusive of interest, and said court shall have jurisdiction [5] to take and entertain pleas of guilty in misdemeanor cases by consent of defendant and impose sentence as provided by law when such cases shall have origin in said court by virtue of warrants issued in said court."

When the Municipal Court of Savannah was first established by the act of 1915, the General Assembly conferred upon that court jurisdiction such as was formerly possessed by the justices' courts in Chatham County and in addition that court was given jurisdiction of trover and bail trover proceedings where the value of the property, exclusive of hire, did not exceed $100.00. At that date the jurisdiction of justices' courts was "in all civil cases arising ex contractu and in cases of injuries or damages to personal property, where the principal sum claimed does not exceed $100, and in cases where the debt has been larger and the balance due is not more than said amount." Code, § 24-1001 (1). The jurisdiction of justices' courts, and, therefore, of the Municipal Court of Savannah, did not include jurisdiction of suits involving injuries to the person. *Williams* v. *Sulter,* 76 *Ga.* 355; *Dorsey* v. *Miller,* 105 *Ga.* 88 (31 S. E. 736). Nor did justices' courts have jurisdiction of actions in trover. *Blocker* v. *Boswell,* 109 *Ga.* 230 (34 S. E. 289). Thus it is apparent that, to the extent of having jurisdiction, within limits, of trover, the jurisdiction of the Municipal Court of Savannah was intended by the General Assembly to be greater than that of a justice court. This increase in jurisdiction over that of justices'

courts is numbered 2 in the quotation above. By the act of 1927 the jurisdiction of the Municipal Court of Savannah was further increased to include foreclosure of liens (Section 3 of that act, with which we are not here concerned) and to include "all civil cases or proceedings of whatever nature, ex contractu or ex delicto, under the common law or by statute" in which the principal sum did not exceed three hundred dollars (numbered 3 in the quotation above). Under this act the criminal jurisdiction, with which we are not here concerned, remained the same as that of justices' courts. The fourth (or perhaps we should say the fifth in view of the addition of jurisdiction to foreclose liens) increase in the jurisdiction of the Municipal Court of Savannah gave that court jurisdiction to recover penalties, and the fifth (or perhaps we should say the sixth strictly speaking) increased the jurisdiction of that court in criminal matters with which, we have said, we are not here concerned. This general legislative pattern demonstrates to our minds an intention on the part of the General Assembly to expand the functions of the Municipal Court of Savannah by gradually increasing the amounts and nature of the judgments which it may render, and we find no contrary intention in the fact that in the act of 1937 no reference was made to that section of the act of 1927 which gave that court jurisdiction of "all civil cases or proceedings of whatever nature, ex contractu or ex delicto, under the common law or by statute, in which the principal sum sworn to or claimed to be due, or the value of the property in dispute, does not exceed three hundred dollars." Further, we think the act of 1937 did not repeal that section of the act of 1927 in question by implication. The act of 1937 shows no manifest intention to cover the subject-matter of the act of 1927 or to operate as a substitute for it. Nor we do find any indication that the latter act is so clearly repugnant to, or irreconcilably inconsistent with, the former that the two can not stand together. *Atlantic Log & Export Co.* v. *Central of Ga. Ry. Co.,* 171 *Ga.* 175 (1), 176 (155 S. E. 525); *Sprayberry* v. *Wyatt,* 203 *Ga.* 27, 34 (45 S. E. 2d, 625).

We hold, therefore, that the act of 1937 does not, either expressly or by implication, repeal section 2 of the act of 1927, and that the Municipal Court of Savannah does have jurisdic-

tion, within and without the limits of the City of Savannah in Chatham County of all civil cases (among others) of whatever nature, "ex contractu or ex delicto, under the common law or by statute, in which the principal sum sworn to or claimed to be due, or the value of the property in dispute does not exceed three hundred dollars and of which jurisdiction is not vested by the Constitution and laws of the State of Georgia exclusively in other courts."

Though it hardly seems necessary to go into the matter, we hold further that the language of the act of 1927 here in question includes actions for personal injuries within the monetary limits set by that act. Actions ex delicto both by the common law and the law of Georgia unquestionably include actions for injuries to the person. Code §§ 105-601, 105-602; Broom's Com. C. L., p. 783.

The superior courts do not have exclusive jurisdiction of actions involving injuries to the person (Code, § 2-3901); nor does any other court within the same territorial jurisdiction as the Municipal Court of Savannah have such exclusive jurisdiction so far as we are aware.

The act of 1913 (Ga. L., 1913, p. 145) establishing the Municipal Court of Atlanta is not analogous to the act of 1915, as amended by the act of 1927, for, as pointed out in *Cantrell* v. *Davis*, 176 *Ga.* 745, 747 (169 S. E. 38), the act creating the Municipal Court of Atlanta specifically excepted "cases arising from injuries to the person or reputation."

In the instant case the Municipal Court of Savannah had jurisdiction of the subject-matter and the damages sued for were within the monetary limits of the court's jurisdiction ($300). It follows that the trial court did not err in overruling the defendant's demurrer to the jurisdiction.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*